IN THE CIRCUIT COURT OF HANCOCK COUNTY MISSISSIPPI
SECOND JUDICIAL DISTRICT

| | |
|---|---|
| DOUGLAS HANDSHOE | PLAINTIFF |
| VERSUS | CIVIL ACTION NUMBER |
| AARON F. BROUSSARD<br>DANIEL G. ABEL<br>CHARLES LEARY<br>VAUGHN PERRET<br>CHRIS YOUNT<br>TROUT POINT LODGE LIMITED<br>NOVA SCOTIA ENTERPRISES L.L.C. | 13-0186<br><br>DEFENDANTS |

## SUMMONS

### THE STATE OF MISSISSIPPI

TO:   Charles Leary
      189 Trout Point Road
      East Kemptville, NS B0W 1Y0

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Douglas Handshoe, the attorney for the Plaintiff(s), whose post office address is 214 Corinth Drive, Bay St Louis, MS 39520 and whose street address is 214 Corinth Drive, Bay St Louis, MS 39520. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 21st day of May, 2013.

_____
Clerk of Hancock County, Mississippi
(Seal)

By: _____

EXHIBIT "A"

**PROOF OF SERVICE--SUMMONS**
(Process Server)

_____
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

____PERSONAL SERVICE. I personally delivered copies to _____on the _____ day of_____ , 2013 , where I found said person in Province of Nova Scotia of the Country of Canada.

____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____county, (state). I served the summons and complaint on the _____ day of _____, 2013 , at the usual place of abode of said person by leaving a true copy of the summons and complaint with who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____day of _____, 2013 , I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name:_____
Address:_____
Telephone No._____

State of Mississippi
County of Hancock

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server Signature

Sworn to and subscribed before me this the _____ day of _____ 2013.

_____
Notary Public

(Seal)                                                          My Commission Expires_____

## IN THE CIRCUIT COURT OF HANCOCK COUNTY MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**DOUGLAS HANDSHOE**                                           **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NUMBER**

**AARON F. BROUSSARD**
**DANIEL G. ABEL**                                         **13-0186**
**CHARLES LEARY**
**VAUGHN PERRET**                                         **DEFENDANTS**
**CHRIS YOUNT**
**TROUT POINT LODGE LIMITED**
**NOVA SCOTIA ENTERPRISES L.L.C.**

## SUMMONS

### THE STATE OF MISSISSIPPI

TO:    Trout Point Lodge Limited
       189 Trout Point Road
       East Kemptville, NS B0W 1Y0

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Douglas Handshoe, the attorney for the Plaintiff(s), whose post office address is 214 Corinth Drive, Bay St Louis, MS 39520 and whose street address is 214 Corinth Drive, Bay St Louis, MS 39520. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 21st day of May, 2013.

_____
Clerk of Hancock County, Mississippi
(Seal)

By: _____

**PROOF OF SERVICE--SUMMONS**
(Process Server)

_____
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

____PERSONAL SERVICE. I personally delivered copies to _____ on the ____ day of _____, 2013, where I found said person in Province of Nova Scotia of the Country of Canada.

____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state). I served the summons and complaint on the ____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name:_____
Address:_____
Telephone No._____

State of Mississippi
County of Hancock

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server Signature

Sworn to and subscribed before me this the _____ day of _____ 2013.


_____
Notary Public

(Seal)                                                          My Commission Expires_____

# IN THE CIRCUIT COURT OF HANCOCK COUNTY MISSISSIPPI
## SECOND JUDICIAL DISTRICT

| | |
|---|---|
| **DOUGLAS HANDSHOE** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NUMBER** |
| **AARON F. BROUSSARD** | 13-0186 |
| **DANIEL G. ABEL** | |
| **CHARLES LEARY** | **DEFENDANTS** |
| **VAUGHN PERRET** | |
| **CHRIS YOUNT** | |
| **TROUT POINT LODGE LIMITED** | |
| **NOVA SCOTIA ENTERPRISES L.L.C.** | |

## SUMMONS

### THE STATE OF MISSISSIPPI

TO:   Vaughn Perret
      189 Trout Point Road
      East Kemptville, NS B0W 1Y0

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Douglas Handshoe, the attorney for the Plaintiff(s), whose post office address is 214 Corinth Drive, Bay St Louis, MS 39520 and whose street address is 214 Corinth Drive, Bay St Louis, MS 39520. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 21st day of May, 2013.

_____
Clerk of Hancock County, Mississippi
(Seal)            By: _____

**PROOF OF SERVICE--SUMMONS**
(Process Server)

_____

Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

____PERSONAL SERVICE. I personally delivered copies to _____on the _____ day of_____, 2013, where I found said person in Province of Nova Scotia of the Country of Canada.

____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____county, (state). I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____day of_____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name:_____
Address:_____
Telephone No._____

State of Mississippi
County of Hancock

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server Signature

Sworn to and subscribed before me this the _____ day of _____ 2013 .


_____
Notary Public

(Seal)                                                  My Commission Expires_____

IN THE CIRCUIT COURT OF HANCOCK COUNTY MISSISSIPPI
SECOND JUDICIAL DISTRICT

DOUGLAS HANDSHOE     PLAINTIFF

VERSUS     CIVIL ACTION NUMBER

AARON F. BROUSSARD
DANIEL G. ABEL
CHARLES LEARY
VAUGHN PERRET
CHRIS YOUNT
TROUT POINT LODGE LIMITED
NOVA SCOTIA ENTERPRISES L.L.C.     DEFENDANTS

FILED MAY 21 2013
KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

13-0186

## COMPLAINT FOR DAMAGES

Comes now Plaintiff Douglas Handshoe and files this compliant against Aaron F. Broussard, Daniel G. Abel, Charles Leary, Vaughn Perret, Chris Yount, Trout Point Lodge, Ltd and Nova Scotia Enterprises, L.L.C. and in support shows the following:

1. Plaintiff is a Mississippi resident and owner of Slabbed New Media, LLC, resides in and publishes the internationally noted investigative weblog Slabbed in the Second Judicial District in Hancock and Stone Counties.

2. Defendant, Aaron F. Broussard is a person of age and a citizen, domiciliary of the State of Louisiana and who currently resides and is incarcerated in the Butner Federal Correctional Complex, Butner North Carolina.

3. Defendant, Daniel G. Abel is a person of age and a citizen, domiciliary of the State of Louisiana and who resides and is domiciled in Jefferson Parish Louisiana.

4. Defendant, Charles Leary is a person of age and a citizen of the United States of America, domiciliary Province of Nova Scotia and who resides and is domiciled in Nova Scotia, Canada.

5. Defendant, Vaughn Perret is a person of age and a citizen of the United States of America, domiciliary Province of Nova Scotia and who resides and is domiciled in Nova Scotia, Canada.

6. Defendant, Chris Yount is a person of age and a citizen, domiciliary of the State of Louisiana and who resides and is domiciled in Jefferson Parish Louisiana.

7. Defendant Trout Point Lodge, Limited a Nova Scotia Limited Company registered in the Province of Nova Scotia, domiciliary Province of Nova Scotia whose registered office is in the town of Kemptville, Nova Scotia.

1

8.  Defendant, Nova Scotia Enterprises, L.L.C. is a limited liability company, domiciliary of the State of Louisiana and whose registered office is in the City of Kenner, Jefferson Parish Louisiana.

9.  Jurisdiction and venue are proper under section 13–3–57 Mississippi Code Annotated (1972) and Mississippi Rules of Civil Procedure.

## FACTUAL ALLEGATIONS – INTRODUCTION

10. Plaintiff has been the victim of an ongoing civil conspiracy to deprive he and his media company of their rights guaranteed under Article 3, Section 13 of the Mississippi Constitution which holds that "Freedom of speech and of the press shall be held sacred" via multiple, vexatious, meritless Strategic Lawsuit Against Public Participation and Copyright Actions filed in 2 states and 1 foreign country, to wit:

### SUIT FILED AGAINST LOUISIANA MEDIA COMPANY, LLC IN YARMOUTH NOVA SCOTIA
### ABUSE OF PROCESS, CIVIL CONSPIRACY

11. On April 30, 2010 defendants Leary, Perret and Trout Point Lodge Limited, at the behest of Lodge co-owner Daniel Abel and Abel's former common law, law partner Aaron Broussard[1], filed a defamation suit against Louisiana Media Company, LLC aka WVUE Fox 8 (Fox 8) New Orleans.

12. Unknown to plaintiff, more than a year into subject litigation on April 26, 2011 defendant Leary filed a motion with the Supreme Court of Canada under NSRCP 14 in their suit against Fox 8 for a court order to obtain IP addresses and email addresses of 5 United States Citizens including Plaintiff, sole owner and publisher of Slabbed New Media, LLC, owner of the website www.slabbed.org. Leary claimed in his motion and affidavit to the court that he did not know any of the identities of the parties he identified and that these 5 anonymous internet posters had defamed him and his business.[2] Justice Muise granted this motion and issued an order dated May 20, 2011.

13. After obtaining Plaintiff's IP address and those of 4 other United States citizens using means and process that remain only partially known to Plaintiff at this time, defendant Leary, acting on behalf of Trout Point Lodge Limited and Nova Scotia Enterprises in concert with Mssrs. Perret, Abel, and

---

[1] Mr. Broussard owned a 42% stake in Nova Scotia Enterprises, L.L.C., which United States Prosecutors would later reveal as a bribery scheme funded by several contractors that did business with the Parish of Jefferson, where Mr. Broussard was an elected official. The entity owned property at the complex of cabins, out building and eco–lodge at the Trout Point Resort, such property actively managed by Mssrs. Leary and Perret. This complex of cabins and the main lodge were marketed to the general public in Mississippi as a combined storefront with the component business indistinguishable from the whole.

[2] Leary's claims of defamation and homophobia in this brief are best summed up by his stated grounds of suing Slabbed commenter Telemachus: "concluded his posting by suggesting that the Plaintiff Leary Perret and *Abel* belonged in the proverbial "woodpile". Leary claimed this was an old English homophobic slur instead of its true southern roots derived from the colloquial expression "there is a snake in the woodpile".

2

Broussard filed more motions for orders to internet service providers Cox communications and AT&T Mobility. Justice Muise issued an additional court order dated July 21, 2011.[3]

14. On May 6, 2011 Chris Yount, a process server and private investigator closely associated with defendant Abel, served an undated "Notice of Intended Action" in the Supreme Court of Canada in a suit they commenced against plaintiff in Canada alleging defamation.[4]

15. On July 25, 2012, upon filing of an affidavit sworn by defendant Leary in the civil action Trout Point Lodge, Vaughn Perret and Charles Leary v Doug K. Handshoe, plaintiff was able to ascertain that he was entitled to due process notice to the hearing held in Yarmouth Nova Scotia pursuant to Nova Scotia rule 14 motion as defendant Leary clearly knew plaintiff's identity when he swore affidavits in Canada in the Fox 8 case he did not know the identity of the published of Slabbed.[5]

16. On March 19, 2013, defendant Abel willfully supplemented a federal court pleading with information obtained via the Canadian court order obtained as specified in paragraphs 11-14.[6]

## SUITS FILED AGAINST DOUG K. HANDSHOE IN YARMOUTH NOVA SCOTIA AND GULFPORT MISSISSIPPI (TROUT POINT LODGE LTD, VAUGHN PERRET AND CHARLES LEARY V DOUG K. HANDSHOE) MALICIOUS PROSECUTION, CIVIL CONSPIRACY

17. On August 9, 2011 defendants Trout Point Lodge Ltd, Leary and Perret filed a strategic lawsuit against public participation against Plaintiff alleging defamation. The allegations included assertions that by referring to Aaron Broussard's criminal prosecution and his properties in Nova Scotia were somehow defamatory toward them on the novel legal theory the mere reference to the province of Nova Scotia somehow defamed them.[7] The suit did not distinguish between posts belonging to

---

[3] In a supporting affidavit dated June 13, 2011 Mr. Leary states, "On or around June 11, 2011, I spoke with Danny Abel, Esq. of Louisiana. He told me, and I verily believed him, that he could have an order from the Supreme Court of Nova Scotia domesticated and enforced by a judge of competent jurisdiction in Louisiana".

[4] Trout Point Lodge LTD, Vaughn Perret and Charles Leary v Doug K. Handshoe case number 353654 in the Supreme Court of Nova Scotia. It appears this "official" court document was not filed with the court until July 25, 2012, more than two months after service to conceal from the Canadian court the deception, fraud and abuse of process perpetrated by Mr. Leary against the Plaintiff.

[5] Affidavit of Charles L. Leary submitted to the United States District Court in the case Trout Point Lodge LTD, Vaughn Perret and Charles Leary v Doug K. Handshoe case number 12-CV-90, document 21, paragraph 20, filed July 25, 2012 with the United States District Court for the Southern District of Mississippi. Included with Leary's affidavit was an affidavit for the Canadian court signed by defendant Chris Yount as notarized by Daniel Abel (Exhibit B to the Leary affidavit). Yount swore he was a licensed private investigator however the Louisiana State Board of Private Investigator Examiners does not indicate Yount is licensed in his resident state of Louisiana. Worth noting is the Plaintiff in this instant action prevailed against Mrrs. Leary, Perret and Trout Point Lodge via summary judgment in the case referenced in this footnote (Document 35).

[6] Abel v Handshoe et al, case number 13CV88 Document 21-2. Worth noting is the date on the hearing transcript, May 30, 2011.

[7] Trout Point Lodge LTD, Vaughn Perret and Charles Leary v Doug K. Handshoe case number 353654 in the Supreme Court of Nova Scotia, original complaint paragraph 19.

3

Slabbed New Media and those made by Slabbed commenters, a very important distinction under the Communications Decency Act as interactive service providers cannot be held libel for third party comments.[8]

18. On September 1, 2011 defendants Trout Point Lodge Ltd. Leary and Perret, using information they obtained as described in paragraphs 11-14 of this complaint, amended their suit to include an email address belong to Slabbed commenter Anne Marie Vandenweghe. It included a host of additional meritless allegations and the assertion they had nothing to do with disgraced Parish President Aaron Broussard.

19. Upon advice of council Plaintiff did not answer the Canadian suit, which went to default and then a damages hearing, upon which the defendants Trout Point Lodge, Leary and Perret were awarded a judgment of $425,000 by Nova Scotia Supreme Court Justice Suzanne Hood against Plaintiff.[9]

20. On December 19, 2012 Plaintiff prevailed in the related US Action regarding enforcement of this judgment under the United States SPEECH Act.[10]

21. On April 8, 2013, defendant Able wrote an ex parte letter to United States District Court Judge Louis Guirola where he accused plaintiff and plaintiff's lawyer of "imposing a fraud" upon Guirola's court and making false statements to the court. He included heresay evidence with his letter in the form of a letter purportedly from an Attorney for Concrete Busters of Louisiana, whom had earlier alleged in Court Pleadings in a Louisiana civil suit that Abel along with defendants Leary, Perret, Broussard and Trout Point Lodge were part of a criminal syndicate.[11] Upon knowledge and belief Plaintiff asserts defendant Abel dictated that latter in exchange for a hold harmless agreement against the lawyer who levied the unsupported allegations in his court pleading in order to taint the proceedings instituted by his business partners Leary and Perret along with Trout Point Lodge Ltd during the pendency of the appeal.

22. Attorney Henry Laird, despite claiming in a pleading filed before the United States Fifth Circuit Court of Appeals that neither he nor his clients, defendants Trout Point Lodge, Limited, Leary and Perret would attest to the accuracy of the Abel letter filed April 8, 2013, attempted to "expand the record" of their appeal in the SPEECH Act case with this specious document.

---

[8] 47 USC § 230

[9] These proceedings were best summed up by United States District Court Judge Judge Louis Guirola, who concluded in his opinion on the related US suit where he declined to enforce the judgment, ""Under our well-established First Amendment principles, truthful speech is protected, and it is the plaintiff's burden to prove falsity in a defamation action. This is not the case in Canada, and it does not appear from the record that the Nova Scotia court conducted an inquiry into the truth of Handshoe's assertions." Trout Point Lodge Ltd, Vaughn Perret and Charles Leary v Doug K. Handshoe Case Number 12CV90 Document 35, Page 15.

[10] Trout Point Lodge Ltd, Vaughn Perret and Charles Leary v Doug K. Handshoe Case Number 12CV90 Document 35.

[11] Concrete Busters et al v Fred Heebe et al, amended complaint filed in the New Orleans Civil District Court.

4

## COPYRIGHT INFRINGEMENT SUIT FILED AGAINST DOUGLAS K. HANDSHOE IN YARMOUTH NOVA SCOTIA
## (TROUT POINT LODGE LTD, VAUGHN PERRET AND CHARLES LEARY V DOUGLAS K. HANDSHOE)
## ABUSE OF PROCESS, MALICIOUS PROSECUTION, CIVIL CONSPIRACY

23. On December 19, 2012, the same day defendants Trout Point Limited, Charles Leary and Vaughn Perret received noticed they had lost their suit in US District Court a Canadian lawyer acting on their behalf filed a takedown notice with Plaintiff's web host objecting to a picture of defendants Leary, Perret and Abel posted to the Slabbed New Media website. In accordance with the requirements of the Digital Millennium Copyright Act (DMCA) web host New Dream Networks disabled the photo in question. In accordance with the DMCA, Plaintiff submitted a counter notification, which starts a process whereby the complainant can file for an injunction in the United States District Court for the Southern District of Mississippi. Neither the Canadian lawyer asserting the copyright nor defendants Leary and Perret filed for an injunction with the US District Court and the image was subsequently restored by Plaintiff.[12]

24. On December 31, 2012, defendant Leary filed two additional DMCA takedown notices against the Slabbed website. Again in accordance with the DMCA, Plaintiff submitted a counter notification and removed the images while the applicable statutory time period ran for defendant Leary to file for an injunction with the United States District Court for the Southern District of Mississippi. Again defendant Leary did not file for an injunction and the images were restored.

25. On February 4, 2013 defendants Leary and Perret, in collusion with defendant Yount, served upon Plaintiff a Nova Scotia civil suit seeking relief under the US Digital Millennium Copyright Act accusing plaintiff of "submitting bogus counter notifications" that sought a Canadian injunction despite earlier swearing under penalties of perjury in their original take down notices to submit to the jurisdiction of the United States Court system. This suit, despite plaintiff's best efforts to deny the jurisdiction of the Canadian court is ongoing.[13]

---

[12] This practice is colloquially known as "Copyright trolling" and is used to harass critics or collect money from unsuspecting "infringers" that are in reality not violating any copyright.

[13] It is likely additional defendants will be added either in this suit or another if this Canadian suit is not adjudicated expeditiously.

5

### SECOND NOVA SCOTIA DEFAMATION SUIT FILED AGAINST DOUGLAS HANDSHOE IN YARMOUTH NOVA SCOTIA
### (TROUT POINT LODGE LTD, VAUGHN PERRET AND CHARLES LEARY V DOUGLAS K. HANDSHOE AND AUTOMATTIC)
### ABUSE OF PROCESS, MALICIOUS PROSECUTION, CIVIL CONSPIRACY

26. On November 15, 2012 at a settlement conference at the United States District Court Attorney Henry Laird, acting on behalf of defendants Leary, Perret and Trout Point Lodge Limited threatened Plaintiff with additional lawsuits "if plaintiff did not stop writing about" defendants.

27. On December 4, 2012, during the pendency of their action against plaintiff in United States District Court under the SPEECH Act defendants filed another defamation suit in Canada against plaintiff and plaintiff's former webhost Automatic alleging a massive homophobic conspiracy against them which included plaintiff, plaintiff's lawyer Jack E. "Bobby" Truitt among others.

28. The purpose of this suit was to force defendant Automattic to terminate a long standing hosting agreement between it and Plaintiff.

29. On December 17, 2012 Automattic terminated its hosting agreement with Slabbed New Media and removed from their servers all of Slabbed New Media's files.

30. At a date unknown in January, 2013 defendants Leary, Perret and Trout Point Lodge Limited amended the lawsuit dropping plaintiff as a defendant in the action, replacing their allegations against Automattic of defamation with a breach of contract suit, said contract being the deletion of the Slabbed website previously hosted by Automattic.

### DEFAMATION SUIT FILED BY DANNY ABEL AGAINST DOUGLAS HANDSHOE AND ANNE MARIE VANDENWEGHE IN THE LOUISIANA EASTERN DISTRICT FEDERAL COURT
### (ABEL V HANDSHOE AND VANDENWEGHE)
### ABUSE OF PROCESS, MALICIOUS PROSECUTION, CIVIL CONSPIRACY

31. On January 16, 2013 defendant Daniel Abel filed a defamation suit against plaintiff and noted Jefferson Parish Corruption whistleblower Anne Marie Vandenweghe via a 37 page pleading which alleged, among other things that, "Defendants Douglas K. Handshoe and Anne Marie Vandenweghe have a history, habit, and practice of libel, maliciously defaming public officials including many judges of this Court as well as those of the Civil and Criminal Courts of Orleans, the 24th Judicial District Court of Jefferson Parish, the United States Fifth Circuit Court of Appeal, and others, hiding

behind blogger and commentor names asuming (sic) that their true identities would not be discovered."[14]

32. After multiplying the proceedings with frivolous brief after frivolous brief which contained a multitude of defamatory allegations levied against plaintiff Handshoe and his codefendant in that action Anne Marie Vandenweghe, defendant Abel, on the eve of a hearing to strike his claim under Louisiana's Anti SLAPP statute voluntarily dropped his suit.[15]

33. On March 19, 2013, defendant Abel willfully supplemented a court pleading in this case with information obtained via the Canadian court order obtained as specified in paragraphs 11-14.

34. In April, 2013 Defendant Abel, despite a stay on discovery in this case by operating of law, issued at least one subpoena without seeking leave of the court. Abel later would claim in open court on the record he did not know the difference between a subpoena and a public records request despite practicing law for well over 30 years.

## CAUSES OF ACTION

### COUNT 1: ABUSE OF PROCESS

35. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 11 through 34 of this petition with emphasis on paragraphs 11 through 16.

36. By depriving plaintiff of his due process rights via a foreign lawsuit to which he was not a party via false and misleading affidavits defendants:
    a. Made an illegal use of the legal process

---

[14] Abel v Handshoe et al, case number 13CV88, Louisiana Eastern District Federal Court Document 1, Page 1, Paragraph 2.

[15] Defendant Abel has been sanctioned many times for this practice, most recently in the complex of cases known as Webb v Morella and Webb v LaSalle in the United States District Court for the Middle District of Louisiana which found, "Moreover, the Webbs' attorney, Daniel G. Abel, has repeatedly engaged in sanctionable conduct before this court. In Chisel v. Auto Club Family Ins. Co., 374 F. App'x 475, 477 (5th Cir. 2010), a panel of this court awarded sanctions against Mr. Abel's client because Mr. Abel's briefs were "wholly without merit," "fail[ed] to fairly address the substance of the district court's findings," and "demonstrate[d] a pointed disrespect for 'the limited resources of the judicial system.'" (quoting Stearman v. Comm'r, 436 F.3d 533, 540 (5th Cir. 2006)). In Martin v. Magee, No. 12-30263, 2012 WL 6644228, at *2 (5th Cir. Dec. 12, 2012), another panel of this court imposed $3,000 in sanctions against Mr. Abel, after finding that his briefing "indentifie[d] no legal error and raise[d] no significant, appealable issue." Mr. Abel's actions in this case continue what the Martin panel correctly described as "a continued pattern of filing frivolous, vexatious appeals that waste judicial resources." Id.

Because the instant appeal is frivolous, vexatious, and wastes judicial resources and because Mr. Abel has repeatedly abused the appellate process, we GRANT the motion for sanctions and impose sanctions against Mr. Abel in the amount of the reasonable attorneys' fees and costs incurred by Morella in connection with this appeal. We REMAND to the district court for determination of reasonable fees and costs." United States Court Of Appeals For The Fifth Circuit Case No. 12-30617, document 00512206026.

7

    b. With the ulterior motive of invading the privacy of American Internet Commenters and bolstering later litigation with tainted evidence
    c. Causing damage to plaintiff and his investment in Slabbed New Media

## COUNT 2: ABUSE OF PROCESS

37. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 11 through 34 of this petition with emphasis on paragraphs 23 through 25.

38. By filing, and causing others takedown notices under the Digital Millennium Copyright Act without the intention of completing the process by filing for an injunction in the proper jurisdiction defendants:
    a. Made an illegal use of the process
    b. With the ulterior motive of harassing plaintiff
    c. Causing damage to plaintiff and his investment in Slabbed New Media.

## COUNT 3: ABUSE OF PROCESS

39. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 11 through 34 of this petition with emphasis on paragraphs 26 through 30.

40. By filing, a second defamation suit in Canada for the purpose of causing codefendant Automattic to terminate a long standing business relationship with plaintiff the defendants:
    a. Made an illegal use of the process
    b. With the ulterior motive of interfering with a business relationship between plaintiff and one of his webhost
    c. Causing damage to plaintiff and his investment in Slabbed New Media.

## COUNT 4: ABUSE OF PROCESS

41. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 11 through 34 of this petition with emphasis on paragraphs 31 through 34.

42. By issuing a subpoena without first taking leave of the court the defendants:
    a. Made an illegal use of the process
    b. With the ulterior motive of obtaining information they were not legally entitled for use in harassing plaintiff.
    c. Causing damage to plaintiff and his investment in Slabbed New Media.

**COUNT 8: CIVIL CONSPIRACY**

49. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 11 through 34 of this petition.

50. As hereinabove alleged, defendants combined for the purpose of accomplishing unlawful purposes and/or lawful purposes unlawfully, as a direct and proximate result of which plaintiff suffered injury and damages.

51. As hereinabove alleged, defendants combined to accomplish by concerted action an unlawful purpose and/or a lawful purpose by unlawful means, with resultant damage to the plaintiff from the defendants' acts committed in furtherance of the conspiracy.

**WHEREFORE**, Plaintiff Douglas Handshoe, prays that:

After due proceedings are had, judgment be entered in his favor and against the Defendants Aaron F. Broussard, Daniel G. Abel, Charles Leary, Vaughn Perret, Chris Yount, Trout Point Lodge Limited and Nova Scotia Enterprises L.L.C., for all damages as are reasonable in the premises together with legal interest thereon, from judicial demand until finally paid, for all costs of these proceedings, and for any other and further legal and equitable relief as the court deems necessary and proper.

Respectfully submitted this 21st day of May, 2013.

_____

Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
Phone: (228) 284-0004
Facsimile: (601) 928-5129
earning04@gmail.com
Appearing Pro Se