IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                  **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO:  1:13CV251 LG JMR**

**AARON F. BROUSSARD, DANIEL ABEL,**                          **DEFENDANTS**
**CHARLES LEARY, VAUGHN PERRET,**
**CHRIS YOUNT, TROUT POINT LODGE**
**LIMITED, NOVA SCOTIA ENTERPRISES, LLC**

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS, CHARLES LEARY, VAUGHN PERRET, AND TROUT POINT LODGE, LIMITED**

I.

INTRODUCTION.

On May 21, 2013, Plaintiff Douglas Handshoe filed his Complaint against Defendants in the Circuit Court of Hancock County, Mississippi.[1]  [Docket No: 2].  The Summons and Complaint were served on Defendants Charles Leary ("Leary"), Vaughan Perret ("Perret"), and Trout Point Lodge Limited ("Trout Point").  Pursuant to 28 U.S.C. § 1446(b), Leary, Perret and Trout Point on June 11, 2013 filed their Notice of Removal to this Court.  [ Docket No. 1]

All the remaining Defendants have consented to removal.

Plaintiff's Complaint is largely unintelligible but alleges Plaintiff was the victim of an ongoing civil conspiracy to deprive him of free speech rights (Complaint, ¶ 10).  The Complaint

---

[1] On May 17, 2013 he filed another Complaint in the Circuit Court of Hancock County, Mississippi styled *Douglas Handshoe v. John Doe(s) AKA "Randall Cajun",* which was removed to this Court and is now Civil Action 1:13cv 254 HSO-RHW.  Leary, Perret and Trout Point have filed a Rule 12(b) motion in that case as well.

{GP015789.1}
2673802.1/15433.26273

alleges Leary, Perret and Trout Point filed a defamation suit against WVUE-TV New Orleans on April 30, 2010.  (Complaint, ¶ 11.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in Canada.

The Complaint alleges that on April 26, 2011, Leary filed a motion in the Supreme Court of Nova Scotia in that suit "to obtain IP addresses and email addresses of 5 United States Citizens including Plaintiff".  (Complaint, ¶ 12.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in Canada.

The Complaint alleges that Leary filed motions in the Canadian Court to obtain orders to internet service providers and that the Canadian Court entered an order on July 21, 2011.  Plaintiff Handshoe seems to allege in his Complaint that Leary filed these motions even though he knew at the time Plaintiff was the party responsible for publishing matters on the internet subject to the Canadian litigation.  (Complaint, ¶ 15.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in Canada.

The Complaint alleges that Leary, Perret, and Trout Piont filed a defamation suit against Plaintiff Handshoe on August 11, 2011.  This allegation is true, and on February 2, 2011, the Supreme Court of Nova Scotia entered a default judgment against Handshoe in the amount of $427,000.00 whereupon Leary, Perret and Trout Point enrolled that judgment in the Hancock County, Mississippi Circuit Court. On its face, the alleged cause of action did not accrue in Mississippi but rather in Canada.

On March 26, 2012, Handshoe filed his notice of removal of the enrollment of that judgment pursuant to the SPEECH Act to this Court, and on February 8, 2012, Slabbed New Media, LLC and Douglas Handshoe also filed a Complaint for Declaratory Relief against Leary, Perret and Trout Point in Civil Action No: 1:12cv38 HSO-RHW in this Court.  The Complaint

alleges that Leary, Perret and Trout Point "using information they obtained as described in paragraphs 11-14 of this complaint, amended their suit to include an email address belong [sic] to Slabbed commenter Ann Marie Vandenweghe.  It included a host of additional meritless allegations and the assertion they had nothing to do with disgraced Parish President Aaron Broussard." (Complaint, ¶ 18.)

The Complaint alleges that on April 8, 2013, Defendant Abel in the instant litigation sent an ex parte letter to the United States District Judge Louis Guirola where Abel accused plaintiff and plaintiff's lawyer of "imposing a fraud" upon Guirola's court and making false statements to the Court.  (Complaint ¶ 21.)

The Complaint alleges that on December 19, 2012, this Court entered summary judgment in favor of Handshoe on cross-motions for summary judgment in Civil Action No:  1:12cv00090 LG-JMR.  This allegation is true.

Handshoe alleges that on December 31, 2012 Leary filed "two additional DMCA take down notices against the Slabbed website", a website operated by Plaintiff Handshoe.  On its face, the alleged cause of action did not accrue in Mississippi but rather in California, home to the web host.

The Complaint alleges that "on February 4, 2013 defendants Leary and Perret, in collusion with Defendant Yount, served upon Plaintiff Handshoe' with another Nova Scotia complaint seeking relief under the "US Digital Millennium Copyright Act accusing Plaintiff of 'submitting bogus counter notifications' that sought a Canadian injunction despite earlier swearing under penalties of perjury in their original take down notices to submit to the jurisdiction of the United States Court system.  This suit, despite plaintiff's best efforts to deny the jurisdiction of the Canadian Court is ongoing". (Complaint,¶ 25.)

The Complaint alleges that the Defendants in the instant action filed another defamation act against Handshoe in Canada the purpose of which was to force that Defendant to "terminate a long standing hosting agreement between it and Plaintiff." (Complaint, ¶ 28.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in Canada.

"On December 17, 2012 Automattic [that Defendant] terminated its hosting agreement with Slabbed New Media and removed from their servers all of Slabbed New Media's files". (Complaint, ¶ 29.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in California, hom to Automattic, Inc.

The Complaint alleges that on January 16, 2013, Defendant Abel in this action filed a defamation suit against Handshoe in the U.S. District Court for the Eastern District of Louisiana. (Complaint, FN 14.)  Defendant Abel dismissed that suit.  (Complaint, ¶ 32.)  On its face, the alleged cause of action did not accrue in Mississippi but rather in Louisiana.

The Complaint also alleges that on March 19, 2013 Defendant Abel supplemented a court pleading in some unknown court, and in April of 2013 he issued a subpoena and a public records request on some unknown party.

Plaintiff Handshoe then adopts by reference all of the above allegations and alleges Defendants are guilty of committing abuse in process and malicious prosecution and of civil conspiracy.

On June 12, 2013 Leary, Perret and Trout Point filed their motion to dismiss Handshoe's Complaint pursuant to Federal Rule of Civil Procedure 12 on the grounds that this Court lacks subject matter and personal jurisdiction, the venue is improper, and Plaintiff fails to state a claim upon which relief can be granted.

II.

THE COURT LACKS PERSONAL JURISDICTION OVER
DEFENDANTS LEARY, PERRET AND TROUT POINT.  THEIR
ONLY CONTACT WITH MISSISSIPPI WAS TO ENROLL THEIR
CANADIAN DEFAMATION JUDGMENT IN A CASE HAVING NO
CONNECTION TO THE FACTS OF THIS CASE.

Leary and Perret attach their Affidavit as Appendix "1" to this brief in which they state the only contact by Leary, Perret and Trout Point with Mississippi was to enroll their defamation judgment against Mr. Handshoe.

Plaintiff Handshoe has brought the latest litigation against Defendants, including Leary, Perret and Trout Point, alleging the Court has personal jurisdiction over Canadian residents, Leary, Perret and Trout Point, presumably pursuant to Mississippi's long-arm statute at § 13-3-57 Mississippi Code.

Under Mississippi's long-arm statute, courts of this state may exercise personal jurisdiction over a non-resident defendant if the defendant has entered a contract with a Mississippi resident to be performed in Mississippi, or has committed a tort in Mississippi, or is conducting business in Mississippi.  *Cypress Pharmaceutical, Inc. v. Tiber Laboratories, LLC,* 504 F. Supp. 2d 129 (S.D. Miss. 2007).

> The general requirements for jurisdiction under the "doing business prong" of the Mississippi long-arm statute are that:  '(1)  the nonresident… must purposefully do some act or consummate a transaction in Mississippi;  (2) the cause of action must either arise from or be connected with the act or transaction;  and  (3)  the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice."  *Internet Doorway, Inc. v. Parks,*  138 F. Supp. 2d 773, 775 (S.D. Miss. 2001) (citing *Gross v. Chevrolet Country, Inc.,* 655 So. 2d 873, 877 (Miss. 1995)).  Under the statute, one is "deemed to be doing business" if he "perform[s] any character work or service in this state."  Miss. Code Ann. § 13-3-57.  See *Coats v. Penrod Drilling Corp.,* 5 F. 3d 877, 882 (5th Cir. 1993).  The Mississippi Supreme Court has further defined the term to include doing "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object."  *Coats ,* 5 F. 3d at 882 (citing *McDaniel v. Ritter,* 556 So. 2d 303, 309 (Miss. 1989)).

*Cypress Pharmaceutical,* 133.

See also *Palmer v. Ocean Club at Biloxi, Ltd.,* 208 WL 493, 404-5 Note 4 (S.D. Miss. 2008) quoting with approval *Breckenridge Pharmaceutical, Inc., v. Metabolite Laboratories, Inc.,* 444 F. 3d 1356, 1363 (Fed.Cir. 2006) and citing with approval *Guidry v. United States Tobacco Co.,* 188 F. 3d 619 (5th Cir. 1999).

The answers to all three due process inquiries are in the negative as will be developed in this brief.

As set forth in the attached Affidavit of Leary and Perret neither Trout Point nor they have conducted business in Mississippi.  They have neither committed a tort in whole or in part in Mississippi, nor have they either entered into or breached a contract in whole or in part in Mississippi.  Their only contact with Mississippi was for their undersigned attorney to enroll their $427,000.00 defamation judgment obtained in Nova Scotia, Canada against Mr. Handshoe in the Hancock County, Mississippi Circuit Court Clerk's office.  They instituted no litigation here.  Instead, it was Mr. Handshoe who in *Trout Point Lodge, Limited, A Nova Scotia Limited Company; Vaughn Perret and Charles Leary v. Doug K. Handshoe*, Civil Action No: 1:12cv00090 LG-JMR removed the enrollment of the Canadian judgment to this Court and who in *Slabbed New Media, LLC and Douglas Handshoe v. Trout Point, Charles Leary and Vaughn Perret* Civil Action No: 1:12cv00038 HSO-RHW commenced litigation.  The first of these two actions ultimately terminated in this Court with summary judgment in favor of Mr. Handshoe.  Thereafter, Leary, Perret and Trout Point appealed that decision to the Fifth Circuit Court of Appeals where it is now set for oral argument August 6, 2013   The second action was voluntarily dismissed by Mr. Handshoe on April 27, 2012.

Both of those actions dealt only with the Canadian defamation judgment in favor of Leary, Perret and Trout Point. The facts in this instant case have nothing to do with the facts of the Nova Scotia defamation judgment in favor of Leary, Perret and Trout Point. Even if it were otherwise, Mr. Handshoe is now bound by the doctrines of *res judicata* and collateral estoppel in the Canadian proceeding. If he had some other claim in Canada, he should have made it there, but instead he chose not to even appear much less make a claim. He is therefore forever barred from relitigating any of the facts or issues in the Canadian defamation judgment, including his cryptic claim in the instant litigation he says somehow involves the Canadian defamation litigation.

As to the first prong of the due process inquiry, Leary, Perret and Trout Point enrolled their Canadian defamation judgment in the Mississippi state court pursuant to Mississippi's Uniform Enforcement of Foreign Judgments (§ 11-7-301 *et. seq.* Mississippi Code). That legislation recognizes a Canadian judgment is to be treated "in the same manner as the judgment of a circuit court of any county in this state" and "maybe enforced or satisfied in like manner". §11-7-303 Mississippi Code. Alternatively, Mississippi's Uniform Enforcement of Foreign Judgments also recognizes the right of the judgment creditor to file suit to enforce his judgment instead of the foreign judgment creditor or its attorney enrolling the judgment. §§11-7-305 and 11-7-309 Mississippi Code. Leary, Perret and Trout Point chose the former option and did not bring suit to enforce the judgment. They merely enrolled the Canadian judgment by furnishing the statutorily required affidavit and copy of the judgment. §11-7-305 Mississippi Code.

As to the second prong of the due process inquiry, the claims Handshoe has against Leary, Perret and Trout Point do not arise out of their Canadian defamation litigation and judgment. It is legally impossible for that to be the case now since Mr. Handshoe is now

foreclosed under *res judicata* and collateral estoppel from bringing any claim which he could or should have brought in the Canada litigation in which he failed to make an appearance and in which default judgment was entered against him.  In any event, the facts of the Canadian defamation litigation and judgment are not connected to the facts of the case Mr. Handshoe now brings against the Defendants here.  The facts underlying the Canadian judgment dealt only with a defamation claim against Handshoe.

As to the third prong of the due process inquiry, to say that enrollment of the defamation judgment in Mississippi, which pursuant to the Uniform Enforcement of Foreign Judgments legislation is recognized, submits the judgment creditor to the jurisdiction of Mississippi courts on wholly unrelated claims must obviously offend traditional notions of fair play and substantial justice.

It bears repetition that the only contact by Leary, Perret and Trout Point with Mississippi was that their attorney enrolled the Canadian defamation judgment in the Hancock County Circuit Clerk's office.  By virtue of Mississippi's Uniform Enforcement of Foreign Judgments, the enrollment was not the commencement of litigation, but assuming *arguendo* that it was, that act alone still did not confer personal jurisdiction on the Mississippi courts.  Filing a lawsuit confers personal jurisdiction on the Mississippi courts only where the facts arise from the same series of events as another or prior lawsuit.  *General Contracting & Trading Co., LLC v. Interpole, Inc.,* 940 F. 2d 20, 24 (1st Cir. 1991) relying on *Adam v. Saegner,* 303 U.S. 59, 67-68, 58 S. Ct. 454, 458 (1938); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775-77, 104 S. Ct. 1473, 1478-79 (1984); and *Lyman Steel Corp. v. Ferrostaal Metals,* 747, F.Supp 389, 396-97 (ND. Ohio 1990).   Handshoe's claims against Leary, Perret and Trout Point in the instant litigation cannot legally arise from the Nova Scotia defamation case which terminated with a

$427,000.00 judgment against Handshoe. To hold that Leary, Perret and Trout Point's enrolling their Canadian judgment in Mississippi put them on notice Handshoe could sue them on unrelated facts and have a Mississippi court exercise personal jurisdiction over them on facts unrelated to the defamation judgment would offend traditional notions of fair play and substantial justice prohibited by *Cypress Pharamceuticals* and it progeny.

### III.
### MR. HANDSHOE FAILS TO STATE A CLAIM UNDER RULE 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires Handshoe to file a complaint that contains a short and plain statement of his claim showing that he is entitled to relief. To survive a Rule 12(b)(6) motion to dismiss, Mr. Handshoe's allegations must be such as to raise a right on his behalf to relief above the speculative level. Mr. Handshoe's complaint must allege enough factual matter accepted as true to state a claim to some relief which is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 44 (555, 570).

The Supreme Court expanded *Twombly* in *Ashcraft v. Iqbal,* 129 S. Ct. 1397 (209), which recognized two working principals of *Twombly*:

> 1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions; and  2) "only a complaint that states a plausible claim for relief survives a motion to dismiss."

*Iqbal*, 1950.

The Court should assume the veracity of well pleaded factual allegations and then determine whether they plausibly give rise to "an entitlement to relief". *Id.* This requires a context-specific task within which the court draws on its judicial experience and common sense. *Id.*

This Court has held "*Iqbal* directs the Court to first determine which of plaintiff's allegations are well-pleaded factual allegations in which are legal conclusions." *Bailey Lumber*

*& Supply Co. v. Georgia-Pacific Corp.,* 209 WL 2872307 (S.D. Miss.). At page 6 of his Complaint, Mr. Handshoe states his claims are "abuse of process, malicious prosecution, civil conspiracy". While this is certainly a short and concise statement of his claims, Mr. Handshoe is required to tell us much more. He is rambling and sometimes incoherent allegations of fact and law are "labels and conclusions" rejected by *Twombly*, *Iqbal*, and *Bailey Lumber & Supply*. "A claim has facial plausibility when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Salem v. J.P. Morgan Chase & Co.*, 2009 WL 4738182 (S.D. Miss.) citing with approval *Iqbal.* Mr. Handshoe's claims lack facial plausibility.

While Mississippi recognizes the claims of abuse of process and malicious prosecution, there is no recognized claim for "civil conspiracy" standing alone, therefore the Court's inquiry should be focused only on Handshoe's formulistic labels of abuse of process and malicious prosecution and any well articulated facts supporting those two recognized claims. The claim of "civil conspiracy" should be disregarded. A review of Mr. Handshoe's allegations reveals no well articulated facts supporting his claims of abuse of process or malicious prosecution.

The elements of a Mississippi abuse of process claim are: "(1) the party made an illegal use of process, (2) the party had an ulterior motive, and (3) damage results from the perverted use of process". *Allred v. Moore & Peterson,* 117 F. 3d 278, 284 (5th Cir. 1997). Abuse of process requires an "ulterior purpose and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it". *Id.* Handshoe makes no such factual allegations to prove any of the three elements of an abuse of process claim.

The elements of a Mississippi malicious prosecution claim are:

(1)  the institution or continuation of original judicial proceedings, either criminal or civil;  (2)  by, or at the instance of the defendants;  (3)  the termination of such proceedings in plaintiff's favor;  (4)  malice in instituting the proceedings;  (5) want of probable cause in the proceedings; and (6)  the suffering of damages as a result of the action or prosecution complained of.  *Mississippi Road Supply Co. v. Zurich-American Ins. Co.,* 501 So. 2d 412, 414 (Miss. 1987) (citing *Harvill v. Tabor,* 240 Miss. 750, 128 So. 2d 863, 864 (1961)).

*Allred,* 284.

Likewise, Handshoe makes no factual allegations to prove the elements of a malicious prosecution claim.

## CONCLUSION

The only contact by Leary, Perret and Trout Point with Mississippi was to enroll their Canadian defamation judgment against Mr. Handshoe in Hancock County Mississippi Circuit Court.  The facts of that case are entirely different from the facts of this case, so pursuant to due process considerations, the Court lacks personal jurisdiction over Leary, Perret and Trout Point because of a lack of sufficient minimum contacts.  The Complaint should be dismissed pursuant to Rule 12(b)(2).

Mr. Handshoe's Complaint fails to state a claim.  It is overly broad, rambling, and incoherent.  It states neither an abuse of process nor malicious prosecution claim.  The Complaint should be dismissed pursuant to Rule 12(b)(6).

RESPECTFULLY SUBMITTED this the 16th day of July, 2013.

                                                   CHARLES LEARY, VAUGHN PERRET, AND TROUT POINT LODGE, LIMITED,

                       By:    s/ Henry Laird
                             Henry Laird, MS Bar No. 1774

## CERTIFICATE OF SERVICE

I, Henry Laird, of the law firm of Jones Walker LLP do hereby certify that I have sent a true and correct copy of the foregoing Brief in Support of Motion to Dismiss by using the ECF system to the following:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, Mississippi  39520
VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

This the 16th day of July, 2013.

               s/  Henry Laird
               Henry Laird

Henry Laird (MSB No. 1774)
Email:  hlaird@joneswalker.com
JONES WALKER LLP
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS  39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516