IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                                                PLAINTIFF

VERSUS                                          CIVIL ACTION NO:  1:13CV251 LG JMR

AARON F. BROUSSARD, DANIEL ABEL,                                     DEFENDANTS
CHARLES LEARY, VAUGHN PERRET,
CHRIS YOUNT, TROUT POINT LODGE
LIMITED, NOVA SCOTIA ENTERPRISES, LLC

---

BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT, NOVA
SCOTIA ENTERPRISES, LLC

---

I.

INTRODUCTION.

On May 21, 2013, Plaintiff Douglas Handshoe filed his Complaint against the above Defendants in the Circuit Court of Hancock County, Mississippi. The Summons and Complaint were served on the Defendant, Nova Scotia Enterprises, LLC on May 29, 2013, the Summons which was simply addressed to Nova Scotia Enterprises, LLC, 3329 Florida Ave., Kenner, Louisiana 70065. Said Summons did not state an Agent for Service of Process nor any Officer or Employee of Nova Scotia Enterprises, LLC, for service to be made on. Pursuant to 28 U.S.C.§ 1446(b), Defendants, Charles Leary, Vaughn Perret, and Trout Point Lodge, Limited filed their Notice of Removal to this Court on June 11, 2013. Nova Scotia Enterprises, LLC consented to this removal.

Plaintiff's Complaint is largely unintelligible but alleges Plaintiff was the victim of an ongoing civil conspiracy to deprive him of free speech rights. The only allegation against Nova Scotia Enterprises, LLC is contained in Paragraph 13 of Plaintiff's Complaint in which he alleges that Charles Leary, acting on behalf of Trout Point Lodge Limited and Nova Scotia Enterprises, LLC in concert with Perret, Abel, and Broussard filed several motions. There is no other mention of any allegations against Nova Scotia Enterprises, LLC in Plaintiff's Complaint for damages.

On June 24, 2013, Nova Scotia Enterprises, LLC filed its motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 on the grounds that this Court lacks subject matter and personal jurisdiction, the venue is improper, and Plaintiff fails to state a claim upon which relief can be granted.

II.

### THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT, NOVA SCOTIA ENTERPRISES, LLC.

The Plaintiff has brought this suit against Defendant, Nova Scotia Enterprises, LLC, alleging the Court has jurisdiction over this Louisiana Limited Liability Company, presumably pursuant to Mississippi's long-arm statute at § 13-3-57 Mississippi Code.

Under Mississippi's long-arm statute, courts of this state may exercise personal jurisdiction over a non-resident defendant if the defendant has entered a contract with a Mississippi resident to be performed in Mississippi, or has committed a tort in Mississippi, or is conducting business in Mississippi. *Cypress Pharmaceutical, Inc. v. Tiber Laboratories, LLC*, 504 F. Supp. 2d 129 (S.D. Miss. 2007).

> The general requirements for jurisdiction under the "doing business prong" of the Mississippi long-arm statute are that: '(1) the nonresident...must purposefully do some act

2

>or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play an substantial justice." *Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss 2001) (citing *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995)). Under the statute, one is "deemed to be doing business" if he "performs[s] any character work or service in this state," Miss. Code Ann. §13-3-57. *See Coats v. Penrod Drilling Corp.*, 5 F. 3d 877, 882, (5th Cir. 1993). The Mississippi Supreme Court has further defined the term to include doing "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *Coats*, 5 F. 3d at 882 (citing *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989)).

See also *Palmer v. Ocean Club at Biloxi, Ltd.*, 208 WL 493, 404-5 Note 4 (S.D. Miss. 2008) quoting with approval *Breckenridge Pharmaceutical, Inc., v. Metabolite Laboratories, Inc.*, 444 F. 3d 1356, 1363 (Fed.Cir. 2006) and citing with approval *Guidry v. United States Tobacco Co.*, 188 F. 3d 619 (5th Cir. 1999).

As said forth in the attached Affidavit of Ronald J. Vega, (Exhibit 1) it states that he is the attorney for the estate of Roy M. D'Aquila, who died on January 29, 2012. The Affidavit states that Nova Scotia Enterprises, LLC was a Louisiana Limited Company formed in the State of Louisiana. Roy M. D'Aquila was the Registered Agent for Service of Process as well as the sole Officer of Nova Scotia Enterprises, LLC, as per the records from the Secretary of State. (Copy from the State of Louisiana Secretary of State's web page reflecting the commercial search on Nova Scotia Enterprises, LLC is attached and marked as Exhibit 2). As per said Affidavit, there are no records where Nova Scotia Enterprises, LLC had any contact whatsoever with any entity or person in the State of Mississippi, nor was it doing business of any nature in the State of Mississippi.

III.

MR. HANDSHOE FAILS TO STATE A CLAIM UNDER RULE 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to file a complaint that requires a short and plain statement of his claim showing that he is entitled to relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure, provides a defense when a party has failed to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the Court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. See *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion to dismiss, however, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 571 (2007). If the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

As stated herein, the only allegation against Nova Scotia Enterprises, LLC was that Defendant, Charles Leary, was acting on behalf of Nova Scotia Enterprises, LLC, Trout Point Lodge Limited, Vaughn Perret, Daniel Abel, and Aaron Broussard by filing several motions for orders to Internet service providers: Cox Communications and AT&T. Defendant, Charles Leary, was not an Officer of Nova Scotia Enterprises, LLC, a Member of Nova Scotia Enterprises, LLC, nor he was ever an Agent for Nova Scotia Enterprises, LLC. Plaintiff, Handshoe, has not stated a claim of action that shows he's entitled to any relief.

CONCLUSION

Defendant, Nova Scotia Enterprises, LLC, has had no contacts whatsoever with the State of Mississippi. This Court lacks personal jurisdiction over Nova Scotia Enterprises, LLC because of a lack of sufficient minimum contacts. The Complaint should be dismissed pursuant to Rule 12(b)(2).

Mr. Handshoe's Complaint fails to state a claim. The Complaint should be dismissed pursuant to Rule 12(b)(6).

RESPECTFULLY SUBMITTED this the 17th day of July, 2013.

NOVA SCOTIA ENTERPRISES, LLC
Pro Se

By: _____
RONALD J. VEGA

# CERTIFICATE OF SERVICE

I, RONALD J. VEGA, do hereby certify that I have sent a true and correct copy of the foregoing Brief In Support Of Motion To Dismiss by via U.S. Mail and Email to:

> Douglas Handshoe
> 214 Corinth Drive
> Bay St. Louis, Mississippi 39520
> VIA UNITED STATES MAIL and EMAIL: earning04gmail.com

This the 17th day of July, 2013.

_____
RONALD J. VEGA

RONALD J. VEGA
3329 Florida Ave.
Kenner, LA 70065
Telephone: (504) 469-6699
Facsimile: (504) 467-1866