

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                        PLAINTIFF

VERSUS                                                  CIVIL ACTION

                                                        NO.: 1:13-CV-251
AARON F. BROUSSARD, ET AL.
                                                        LG - JMR

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS DEFENDANT DANIEL G. ABEL

May It Please the Court:

Plaintiff Douglas Handshoe filed suit against Daniel G. Abel and others in the Circuit Court of Hancock County, State of Mississippi on 21 May 2013 [Rec doc. 2]. He served Abel in Louisiana at his Metairie Law Office. Abel joined the other defendants including those who initially moved the state court action to these Honorable Courts [Rec. doc. 1 & 5]. Although certain of the underlying facts are different and not related between defendants, Abel joins the other defendants and adopts all relevant and material statements of fact and applications of state and federal law pleaded by them [Rec. doc. 21]. All other defendants have joined the removal to this Court.

<u>The Court Lacks Jurisdiction Over Defendant Daniel G. Abel</u>

Defendant Daniel G. Abel moves the Court to dismiss this matter as both the federal and state courts of Mississippi: (1) lack personal jurisdiction over Abel, as Abel has not committed a tort in the State of Mississippi nor has Abel conducted any business in the State of Mississippi and as Handshoe has failed to state a claim under FRCP Rule 12(b)(6), (7), Handshoe has no



cause of action nor right of action, which exceptions are apparently moot as the Court does not have jurisdiction over Abel such that would allow or require It to consider or go forward with the other peremptory exceptions.

The Court in *Cypress Pharmaceutical, Inc. V Tiber Laboratories, LLC*, 504 F. Supp. 2dn 129 [S.D. Miss 2007] held that a long-arm statute only applies to " (1) the non-resident .... who must purposefully do some act or consummate a transaction in Mississippi ... [from which] (2) the cause of action must arise ... and that "deemed to be doing business" is defined as performing any character work or service in this state." Miss. Code Ann. § 13-3-57 [See: *Coats v. Pendrod Drilling Corp.*, 5 F. Ed 877 (5th Cir. 1993).

The Mississippi Supreme Court has further defined the term as "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *Coats*, 5 F. 3d. At 882 (citing *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989).

The under the jurisprudence of both state and federal law, these Honorable Courts do not have personal jurisdiction over Abel for the following reasons:

(1) Abel has undertaken no transactions in the State of Mississippi;

(2) Abel done nothing for "the purpose of realizing a pecuniary benefit in the State of Mississippi;

(3) Abel has not committed a tort in the State of Mississippi;

(4) Abel has not entered into a contract or conducted any business in the State of Mississippi, ever.

As well, Handshoes's claims against Abel do not survive the requirements of FRPC Rule 12(b)(6).

## Handshoe Fails To State A Claim As Required by Rule 12(b)(6)

Handshoe's complaint fails to set forth a claim which would entitle him to relief. His claims against Abel are fabricated and appear to be a reaction to the United States District Court for the Eastern District of Louisiana, almost instant denial of Handshoe and his attorneys' claims for the fees he had never paid them.

Handshoe filed [yet again] a claim for attorney fees in New Orleans Friday afternoon at 4:30 PM and Judge Morgan denied those claims first thing Monday morning, before Abel had a chance to file an opposition to his request. Not being successful with requests for attorney fees, this suit, now removed to this Court, represents another version of his earlier attempts to pay his lawyers—and his legal debts—which have been denied by each [all] court[s].

Handshoe claims that Abel wrote a letter to the Honorable Court in the related matter. That is correct. The Court was sent two letters exposing the fabrication of evidence filed in the Louisiana courts and used to influence this Court in Mississippi, which fraud was derived from a Rule 11 extensive investigation conducted by Mr. Abel but confirmed by other counsel Mr. Gelé [*Trout Point Lodge v. Douglas Handshoe*, Civil Action No.: 1:12-cv-00090 LG-JMG. Rec. doc. 48]. As an officer of the United States District Courts, the reporting of fraud does not give rise to actions in tort nor to those of malicious prosecution against such officers who report such crimes and predicate acts.

Handshoe's complaint does not state any cause of action against Abel such as survive the pleading requirements of *Twombly* (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 44. The Supreme Court instructed that the assumptions of veracity as to allegations made in original pleadings, <u>do not apply to "legal conclusions"</u> (*Ashcraft v. Iqbal*, 129 S. Ct. 1397 [citing *Twombly* at p. 209]).

Handshoe's claims for "abuse of process, malicious prosecution, and civil conspiracy", while not specifically alleged against Abel, would not survive Rule 12(b)(6) scrutiny if they were.

Abel has not instituted action against Handshoe in the State of Mississippi (*Allred v. Moore & Peterson*, 117 F. 3d 278 (5th Cir. 1997). In Mississippi "abuse of process" specifically requires that the use of process "must be a perversion of the process ... to accomplish a result not commanded by the process or not lawfully obtainable under it" [*Allred*, above].

Abel's letter to this Honorable Court was <u>not only envisioned</u> under the federal rules of disciplinary conduct, <u>but required</u> of officers of This and other federal and state courts.

### Fraud Reported to Court and Authorities Does Not Give Rise to Action

As an officer of the federal courts, Abel's reporting of fraud to any court or other authority does not give rise to a cause of action. Abel having discovered fraud committed in Louisiana by Handshoe and his attorney Jack Bobby Truitt, did report this fraud to both the local authorities and to this Honorable Court [ Rec. doc. 48 - Abel letter & Gelé letter].

The fraud discovered, involved the intentional filing of an amended complaint in order to influence this Honorable Court—by pointing to the fabricated allegations of crimes put into the *Concrete Busters* amended complaint filed in Civil District Court for the Parish of Orleans [Rec. doc. 48 - Gelé letter].

It was reported to This Court, because the fraud and fabricated pleadings were used to influence this Court in Its consideration of the *Trout Point* case and certain language in the Court's order suggests that the Court did see and consider facts that Handshoe and Truitt had fabricated.

Having discovered that fraud in the amended complaints in Louisiana and that Truitt and Handshoe were complicit in that fraud, Abel went on to examine the attorney fees claimed by Truitt and Handshoe in the bond request and confirmed what the $60,000 fee request was also fabricated. This Court <u>denied</u> the Handshoe -Truitt fee request <u>outright</u>.

Probative of Handshoe and attorney Bobby Truitt's fabrication of facts is their claim that Truitt performed—therefore Handshoe owed Truitt for—$60,000 of legal services in the related matter pending in the United States District Court for SDMS, *Trout Point Lodge v. Douglas Handshoe*, Civil Action No.: 1:12-cv-00090 LG-JMG. Truitt signed pleadings claiming to have performed that amount of such legal services and therefore was owed that amount for his legal services.

Truitt has made those claims and signed such pleadings under FRCP Rule 11. Handshoe has confirmed Truitt's claims for services performed, the amount of time expended, and the fees owed in the amount of $60,000.

<u>This Court Properly Limited the Legal Work That Was Done and Filed</u>

The Honorable Court in the related action *Trout Point Lodge v. Douglas Handshoe*, Civil Action No.: 1:12-cv-00090 LG-JMG correctly restricted the enrollment of the other judgment to the following actions. Each party was allowed one motion and memorandum, but allowed no discovery, no oral argument, and no trial. These procedures commenced around the middle of June and were completed within two months, around the middle of August, 2012.

Plaintiff Handshoe—it had become known had not paid Truitt or his other New Orleans attorneys any fees for any services [the New Orleans attorneys told the Federal Court that they would never get paid if she—the Honorable Judge Morgan—did not assess fees against Abel;—

She did not].

Once more Handshoe and Truitt claimed the substantial amount of $60,000 for the legal services allegedly [already] performed. Aside from the demand being unfounded and the work claimed never documented, a very cursory application of simple math demonstrates that both Handshoe and counsel Truitt again committed fraud upon this Court.

## THE MATH

$60,000 of Legal Services performed at a fee of $125 an hour = 480 Hours of Work

480 Hours of Legal Services performed during a 40 Hour Week = 12 Weeks [3 Months]

$60,000 of Legal Services performed at a fee of $200 an hour = 300 Hours of Work

300 Hours of Legal Services performed during a 40 Hour Week = 7.5 Weeks [2 Months]

A legal fee of $60,000 for a 15 page motion for Summary Judgment = $4,000 a page.

Handshoe & counsel filed a motion to set an appeal bond claiming the amount of $60,000 in legal fees [ in violation of Rule 11]. Handshoe prophesied that *the United States District Court was going to award* him $60,000. Handshoe prophesied a similar award to soon come from the Federal Court in New Orleans. He prophesied, announced, published on slabbed.org that these awards were certain. But both awards were DENIED by both United States District Courts.

The United States District Court for the Eastern District of Louisiana granted both of Abel's motions and allowed the matter to go return to the venue-proper Louisiana State Court in New Orleans.

This Honorable Court should dismiss the above captioned matter as It has no personal jurisdiction over Abel nor has Handshoe stated a claim which survives Rule 21(b)(6).

<u>Federal Rule 11 Certification</u>

As an officer of the United States District Courts in Louisiana, Puerto Rico, and other Districts, I hereby certify that I have conducted an extensive investigation for several years as to the actions and activities of Douglas Handshoe, slabbed.org., Anne Marie Vandenweghe and others—during the last two years of their joint attorney Jack "Bobby" Truitt and other counsel—and I hereby certify that the facts stated herein are true and correct and proven by the evidence and the witnesses who have personal knowledge of these facts, particularly facts pertaining to the fraud set forth herein.

Certified by me, Daniel G. Abel, under Rule 11, on this 22 July 2013. New Orleans, LA.

_____
Daniel G. Abel
LSB No. 8348

Respectfully submitted,

s/ Daniel G. Abel

2421 Clearview Parkway
Legal Department - Suite 106
Metairie, LA 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
danielpatrickegan@gmail.com

Certificate of Service

s/ Daniel G. Abel

I have again attempted to serve Plaintiff on 22 July 2013, although in each instance he has refused to to accept service from the United States Postal Service and its agents have notified us of that refusal and have returned the pleadings sent.