IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE            )
                            )
v.                          )      Civil Action No.1:13cv251-LG-JMR
                            )
AARON F. BROUSSARD, DANIEL ABEL )
CHARLES LEARY, VAUGHN PERRET )
CHRIS YOUNT, TROUT POINT LODGE )
LIMITED, NOVA SCOTIA ENTERPRISES, )
LLC                         )

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 30 2013
J T NOBLIN CLERK
BY_____ DEPUTY

PLAINTIFF'S BREIF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS UNDER
RULE 12(b)(6) AND LACK OF PERSONAL JURISDICTION

INTRODUCTION

1.

Plaintiff has been the victim of an ongoing civil conspiracy to deprive he and his media company of their rights guaranteed under Article 3, Section 13 of the Mississippi Constitution as well as the First Amendment to the United States Constitution via multiple, vexatious, meritless Strategic Lawsuit Against Public Participation and Copyright Actions filed in 2 states and 1 foreign country. This civil conspiracy was for the express purpose of covering up illegal activity related to the notoriously corrupt former President of the Parish of Jefferson, defendant Aaron Broussard, currently serving a 46 month prison in the Federal Penitentiary at Butner, North Carolina.

2.

This case was removed from the Circuit Court of Hancock County Mississippi by defendants Leary, Perret and Trout Point Lodge without the consent of every defendant, most notably Aaron Broussard, who is in default in these proceedings.

3.

Defendants motion and memoranda to dismiss this instant action for lack of personal jurisdiction and for failure to state a claim under Rule 12(b)(6) betrays a lack of reading comprehension and must fail for the following reasons:

1

## THE COURTS IN MISSISSIPPI HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS BECAUSE THE TORTS WERE COMMITTED IN PART IN MISSISSIPPI.

4.

Defendants Leary, Perret and Trout Point Lodge correctly identify the numerous physical locations where they committed and conspired to commit multiple torts on behalf of felonious defendant Broussard. However Defendants fail to recognize that substantial portions of the torts they perpetrated were in Mississippi, including the injuries leading damages they caused to Plaintiff and his Media Company via their multiple paranoid, baseless lawsuits and abuses of process focusing instead on a curious straw man hypothesis regarding whether or not they were doing business in Mississippi.[1]

5.

*Smith v Temco, Inc.*, 252 So. 2d 212 (Miss 1971) is the first in a long line of cases which dealt with the "who shall commit a tort in whole or in part in this State against a resident of this State" requirement for the exercise of personal jurisdiction over out of state defendants. The court in that case cited *Dawkins v White Products Corp.* 443F.2d 589 in their opinion:

> (W)e are inclined to follow the clear language of the statute in the absence of any Mississippi decision that states that these additional bases added nothing to the statute. There is no such decision. We are convinced, Erie-bound as we are, to conclude that the Mississippi Supreme Court, given the facts and presented with the issue, would hold that the complaint as here amended alleged facts which, in spite of the affidavits of non-presence in the state, would permit service on the non-residents under the amended long-arm statute. For somewhat similar cases in other states see Eyerly Aircraft Co. v. Killian, 5 Cir. 414 F.2d 591, and Coulter v. Sears Roebuck and Co., 5 Cir. 426 F.2d 1315, and see Note Vol. XXXVIII Mississippi Law Journal p. 177.

The court in *Smith v Temco* continued:

> In 86 C.J.S. Torts s 21 (1954), it is stated:
>
> Damage resulting from a breach of a duty and invasion of a right is a necessary element of tort.
>
> In addition to the elements of tort heretofore discussed, a third element requisite thereto is damage resulting from the breach of duty and invasion of right.

---

[1] Trout Point Lodge has relentlessly marketed itself as a travel destination to the United States public, including in newspapers with a circulation in Mississippi such as the New Orleans Times Picayune, US Today as well as other media outlets such as the New York Times and National Geographic despite their fanciful denials of same in their sworn affidavit dated July 17, 2013. Plaintiff avers these denials are beside the point.

It should be noted that legendary University of Mississippi law Professor Guthrie T. Abbott[2] included this case in his text for the law school course **MISSISSIPPI CIVIL PRACTICE AND PROCEDURE** (December 2009) as the court in Smith v Temco continued:

> The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.
>
> Other courts have reached like conclusions under similar statutes. In a note appearing in Chapter 3 Judicial Jurisdiction in American Law Institute, Restatement of the Law (Second), Conflict of Laws 2d, at page 160 appears the following:
>
>> Many states have enacted statutes which authorize the exercise of judicial jurisdiction under the circumstances stated in the rule. The prototypical statute is that of Illinois (Ill.Civ.Prac.Act ch. 110 s 17 (1955)) which, although it speaks only of 'commission of a tortious act within this State', has been interpreted to confer jurisdiction on the Illinois courts in situations where a tortious act outside the State causes injury within the State. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). The Illinois statute is virtually identical to statutes in many other States. See. e.g., N.M.Sstat.Ann., ch. 21 s 21-3- 16(A) (3) (1967); Ore.Rev.Stat. s 14.305(1)(b) (s 14.035(1)(b)) (1963); Tenn.Code Ann. s 20-235(b) (1968). States which adopted the Illinois language subsequent to the decision on Gray v. American Radiator & Standard Sanitary Corp., supra, have generally followed the Illinois interpretation. See, e.g., Doggett v. Electronics Corp. of America, 93 Idaho 26, 454 P.2d 63 (1969).
>
> In our view, one of the fundamental objects of the Legislature in adopting the 1964 amendment was to extend the personam jurisdiction of the courts of this State to the nonresident who may commit a tort in this State, either in whole or in part, to the injury of a resident of the State so as to provide a practical means for the enforcement of rights.

6.

---

[2] Professor Abbott was so well respected that the Mississippi Legislature passed House Concurrent Resolution 135 in the 2001 session which recognized Professor Abbott's contribution to the Mississippi as an " outstanding educator". After reviewing his course material online Plaintiff agrees wholeheartedly.

*Jobe v ATR Marketing, Inc.*, 87 F.3d 751 defines the meaning of "injury" within the context of *Smith v Temco* as:

> Although the specific elements of a particular tort will vary, the conventional tort elements in a negligence action are duty, breach of duty, proximate causation and injury.[2] Palmer v. Anderson Infirmary Benevolent Ass'n., 656 So.2d 790, 794 (Miss.1995). A tort is complete when, and personal jurisdiction lies where, the actual injury occurs. Smith v. Temco, 252 So.2d at 216; see also Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir.1987). In determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury.

7.

In this case it is abundantly clear the multiple injuries that result in damages occurred within Mississippi. For instance enrolling the Canadian Defamation Judgment in Hancock County Mississippi was clearly intended to inflict economic harm on the resident Plaintiff including but not limited to his credit worthiness and resultant access to credit to finance Plaintiff's various business endeavors. Plaintiff owns no property in Nova Scotia or Canada thus defendants could in no way ever expect to inflict harm upon Plaintiff with a Canadian Judgment in Canada, the enforcement of which in the United States would be practically impossible under a plain read of the United States SPEECH Act of 2010. Plaintiff had no connection to Canada or Nova Scotia as the underlying news story Plaintiff was covering on his website was concerning corruption in Jefferson Parish Louisiana and its various connections to the Mississippi Gulf Coast. The intent of enrolling said judgment was to inflict harm on Plaintiff at his domiciliary. The use of Canadian courts without jurisdiction in this matter furthered that scheme.

Additionally defendants conspired to enter Mississippi and did enter the State of Mississippi to serve abusive process on Plaintiff at his personal residence including enlistment of the Bay St Louis police to provide civil escort while defendant Yount harassed and berated Plaintiff's wife about Plaintiff's whereabouts. Yount also submitted several affidavits to Canadian proceedings as early as May 6, 2011 and Yount, along with codefendant Abel, would later attempt to taint Canadian proceedings with affidavits claiming expertise on the subject of Plaintiff's profound hearing loss.[3] A specimen Yount affidavit dated May 6, 2011, one of many such affidavits notarized by defendant Abel that illustrates these physical contacts within the State of Mississippi and collusion amongst the defendants is attached as Exhibit A.

---

[3] Besides masquerading as licensed audiologists Yount also engages in the criminal practice as a Louisiana Private Detective without a license.

Additionally defendants Leary and Perret submitted perjured affidavits in their SLAPP suit filed against Louisiana Media Company LLC aka Fox 8 New Orleans in Canada with the clear intent of causing injury in the form of loss of privacy and other valuable constitutional rights to at least 4 Mississippi residents including Plaintiff. Their use of a Canadian court via a case that Plaintiff was not a litigant furthered their efforts at concealing these multiple, tortious acts. The injury, including the chilling effects on the constitutional rights guaranteed American citizens in both Mississippi and Louisiana under the first amendment to the Constitution involved with these multiple, concerted acts cannot be gainsaid.[4] These acts were clearly intended to inflict injury to Plaintiff and others in Mississippi and Louisiana, not Canada, where the scheme was initially perpetrated.

Finally defendants actions went far beyond simply enrolling a judgment or suing for libel as they attempted to buttress their various cases filed against Plaintiff with tainted evidence obtained via the Canadian abuses of process and resulting court orders, which were served upon at least 2 US based American Internet Service Providers by defendants Leary and Perret, who were then terming co-defendant Abel as their US based "lawyer", such evidence included in affidavits sworn by defendant Leary in the case Trout Point Lodge LTD, Vaughn Perret and Charles Leary v Doug K. Handshoe, case number 12-CV-90, Document 21.

Similarly, defendant Abel, a nonparty to the above mentioned action submitted, after the case was decided in Plaintiff's favor, a perjured affidavit (Document 44-1) stating he was nothing more than Aaron Broussard's co-council on "four or five cases" a demonstrably false and misleading statement as Abel and Broussard's professional relationship included working out of the same "law office", a room at the Super 8 Motel at 2421 Clearview Parkway in Metairie, Louisiana.[5] They also filed appeals together and represented clients as "Attorneys at Law."[6] For example, an appellate brief cited the following address for the pair:[7]

---

[4] Nor can the multiple mentions of American internet commenters to the Slabbed New Media website, by screen name, in numerous Canadian court filings as anything other than first amendment libel terrorism designed to chill discussion of the investigation into their co-conspirator Broussard's many criminal acts. These actions are tantamount to a full blown cover up of criminal activity via the abusive use of the Canadian court system by defendants Broussard, Yount, Nova Scotia Enterprises, Abel, Leary, Perret and Trout Point Lodge.

[5] Carr v. Abel, 64 So.3d 292, 297 (La. App. 5th Cir. 2011), writ denied, 63 So.3d 1016 (La. 2011).

[6] Id. See also: Lowe's Home Construction, LLC v. Julius Lips, Jr., No. 10-CA-762 (La. App. 5 Cir. 2011)

[7] Id.

5



MARION F. EDWARDS
CHIEF JUDGE

SUSAN M. CHEHARDY
CLARENCE E. McMANUS
WALTER J. ROTHSCHILD
FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON

JUDGES

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

PETER J. FITZGERALD, JR.
CLERK OF COURT

GENEVIEVE L. VERRETTE
CHIEF DEPUTY CLERK

MARY E. LEGNON
FIRST DEPUTY CLERK

TROY A. BROUSSARD
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

### NOTICE OF JUDGMENT AND CERTIFICATE OF MAILING

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN MAILED ON OR DELIVERED THIS DAY **MARCH 29, 2011** TO THE TRIAL JUDGE, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

PETER J. FITZGERALD, JR.
CLERK OF COURT

## 10-CA-835

CARL N. FINLEY
ATTORNEY AT LAW
100 LILAC STREET
METAIRIE, LA 70005

DAVID L. BROWNE
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2150
NEW ORLEANS, LA 70130

TIMOTHY D. SCANDURRO
JEAN-PAUL LAYRISSON
ATTORNEYS AT LAW
607 ST. CHARLES AVENUE
SUITE 100
NEW ORLEANS, LA 70130

STEPHEN O. SCANDURRO
ATTORNEY AT LAW
607 SAINT CHARLES AVE
SUITE 100
NEW ORLEANS, LA 70130

AARON F. BROUSSARD
DANIEL G. ABEL
ATTORNEYS AT LAW
2421 CLEARVIEW PARKWAY
LEGAL DEPARTMENT, SUITE 106
METAIRIE, LA 70001

8.

*Brown v Flowers Industries, Inc.*, 688 F.2d 328 (5th Circuit 1982) makes clear it only takes one instance of tortious conduct within Mississippi in order to confer in personam jurisdiction to the Mississippi courts. In this instant case, the number of occasions defendants combined in tortious activity for the purpose of inflicting injury and other tortious conduct within the State of Mississippi are too numerous to mention and remain within the page limits for briefs per the local rules of this Honorable Court. The court in *Brown v Flowers Industries, Inc.* concluded:

> When a defendant purposefully avails himself of the benefits and protection of the forum's laws-by engaging in activity ... outside the state that bears reasonably foreseeable consequences in the state-maintenance of the law suit does not offend traditional notions

of fair play and substantial justice." Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir. 1982) (citation omitted). In addition to the existence of foreseeable consequences, courts consider "the quantity of contacts, and the source and connection of the cause of action with those contacts" in determining whether a defendant's actions constitute "purposeful availment." Products Promotions, Inc. v. Cousteau, 495 F.2d 483, 494 n. 17 (5th Cir. 1974). Accord Standard Fittings Co. v. Sapang, S.A., 625 F.2d 630, 643 (1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981).

Two other factors are also relevant in determining whether the exercise of personal jurisdiction comports with due process. The first is "the interest of the state in providing a forum for the suit." Austin v. North American Forest Products, Inc., 656 F.2d 1076, 1090 (5th Cir. 1981); Products Promotions, supra, 495 F.2d at 498. Finally, the "relative conveniences and inconveniences to the parties" are also relevant. Austin, supra, 656 F.2d at 1090; Products Promotions, supra, 495 F.2d at 495.

Following the defendants' arguments contained in their memoranda on the jurisdiction of the Mississippi courts in this matter to their logical conclusion would have Plaintiff instituting litigation in multiple states and foreign countries for what is essentially one conspiracy that consists of multiple torts in furtherance thereof, designed to injure Plaintiff and his media company in his domiciliary in the State of Mississippi. In this case the majority of the defendants are residents of Louisiana and beyond the court record of the multiple SLAPP suits filed in Canada and Louisiana[8], the witnesses are all located within the States of Mississippi and Louisiana.

Finally the court in Brown v Flowers noted that factual conflicts between the parties in determining jurisdiction:

> "must be resolved in plaintiff(s') favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established." United States Ry. Equip. Co. v. Port Huron & Detroit R.R., 495 F.2d 1127, 1128 (7th Cir. 1974).

These and a multitude of other instances where the defendants combined through the various Abuses of Process and Malicious Prosecution schemes designed to "sue" Plaintiff "into bankruptcy" for exposing defendants roles in what the US Attorney would later term intrinsic evidence of other crimes are both legion and independently verifiable.[9]

---

[8] Indeed during the pendency of this litigation defendant Abel has filed another defamation suit against Plaintiff, this time in the New Orleans Civil District Court including as co-defendants every one of Plaintiff's Louisiana based lawyers, 4 in total, as defamation co-defendants in order to deprive Plaintiff of his legal counsel in that matter.

[9] Indeed at a settlement conference held in November, 2012 before the Magistrate Roper, defendants Leary and Perret clearly threatened Plaintiff with additional lawsuits if plaintiff "did not stop writing about them". They made

## DEFENDANTS CONTENTION PLAINTIFF FAILS TO STATE A CLAIM UNDER RULE 12(B)(6) IS FARCICAL AND UNSUPPORTED

9.

Under Rule 12(b)(6), a court is required to[10]:

> (A)ccept all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). In the instant case, Roebuck was proceeding pro se when he filed his complaint. Although pro se complaints are held to less stringent standards than those crafted by attorneys, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and internal quotation marks omitted).

A plain read of the Plaintiff's complaint reveals it contains a sufficient amount of verifiable facts to sustain both the torts alleged and the monetary damages caused by those torts. It is undeniable that defendants Leary and Perret, in conspiracy with their co-defendants submitted perjured affidavits to the Canadian Court and actively concealed that tortious conduct for well over a year. It is also undeniable that the SLAPP suit filed by defendant Abel against Plaintiff in Louisiana terminated in Plaintiff's favor as did the litigation instituted by defendants Leary and Perret attempting to enforce their Canadian defamation judgment. Also undeniable per the Canadian court record is that Leary and Perret filed a second defamation suit for the purposes of causing one of Plaintiff's webhosts to terminate an existing business relationship with Plaintiff causing economic injury to Plaintiff and that defendants Leary and Perret then dropped Plaintiff from this lawsuit once that purpose was achieved. Plaintiff's compliant for damages is not only factually based but also connects those facts with the elements for the torts alleged.

Finally a plain read of Plaintiff's complaint makes clear the civil conspiracy torts stem from defendants combining to commit the torts alleged therein.

---

good on their threats less than two weeks after said conference, during the pendency of their p[previous SPEECH Act case. Worth noting is writing defamatory things was not alleged by defendants via their council, just the act of covering defendant's roles in the cover up of Broussard's illegal activity and their multiple SLAPP suits in furtherance thereof, was sufficient to garner the threat of additional, meritless litigation.

[10] *Roebuck v Dothan Security et al*, Unpublished Opinion of the United States 5th Circuit Court of Appeals [Case No.12-60649]

## CONCLUSION

The Mississippi courts clearly have personal jurisdiction over defendants as they committed substantial portions of their tortious acts within Mississippi as defined in Mississippi's long arm statute and related jurisprudence. Additionally, Plaintiff has clearly elucidated several claims under which relief may be granted. For these reasons defendants motion to dismiss for lack of personal jurisdiction and for failure to state a claim under FRCP Rule 12(b)(6) should be denied.

Respectfully submitted

_____

Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing motion and affidavit to the following via United States Mail:

Nova Scotia Enterprises, LLC
3329 Florida Avenue
Kenner, LA 70065

Aaron F. Broussard #32234-034
Butner Low FCI
Post Office Box 999
Butner, NC 27509

Chris Yount
160 Metairie Lawn Dr
Metairie, LA 70001

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Henry Laird, Jones Walker
2510 14tth Street, Suite 1125
Gulfport, MS 39501
Attorney for Trout Point Lodge Limited, Charles Leary and Vaughn Perret

_____
Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com