# "Exhibit A"

2010

Yar. No. 328248

## IN THE SUPREME COURT OF NOVA SCOTIA
### BETWEEN:

**Trout Point Lodge, Limited,** *a Nova Scotia Limited*
*Company*

**Plaintiff**

- and -

**Louisiana Media Company, LLC,** *a Delaware Limited*
*Liability Company*

**Defendant**

SUPREME COURT
NOVA SCOTIA
SEP 21 2011
YARMOUTH JUSTICE CENTRE

### Affidavit of Charles Leary
### Relating to the Defendant's Motion to Compel Production

I affirm and give evidence as follows:

1.  I am Charles Leary of Kemptville, Yarmouth County, Nova Scotia. I am also a Managing Director of Trout Point Lodge, Limited.

2.  I have personal knowledge of the evidence affirmed in this affidavit except where otherwise stated to be based on information and belief.

3.  I state, in this affidavit, the source of any information that is not based on my own personal knowledge, and I state my belief of the source.

4.  On September 9, 2011 I provided Karen Bennett-Clayton with the following documents:
    *   Letter to Aaron Broussard, attached hereto as Exhibit "*1*"
    *   Gross revenues for Trout Point Lodge from the 2010, 2009, and 2008 business years, attached hereto as Exhibit "*2*"

5.  On September 12, 2011, I provided to Karen Bennett-Clayton affidavits of 3 persons who saw the Louisiana Media broadcasts, attached hereto as Exhibit "*3*".

6.  On September 15, 2011, I provided to Karen Bennett-Clayton a document showing bookings at Trout Point Lodge that indicate the city and state/province of the guests. Sample pages are attached hereto as Exhibit "*4*"

7.  Also on September 15, I provided Karen Bennett-Clayton with records from the Lodge's Webervations system showing bookings taken from January 6 to the end of February for each of the years 2007, 2008, 2009, & 2010. These are attached hereto as Exhibit "*5*"

8.  On September 15, 2011, I provided Ms. Bennett-Clayton with a copy of my HSBC Bank mortgage documents, including the relevant email from my attorney's office.

9.  On the same day I also provided copies of correspondence from Roy d'Aquila, who was the contact person for a group of investors that managed and controlled the building at 140 Trout Point Road, known as River Bend Lodge. They are attached hereto as Exhibit "*6*".

10. I also supplied Ms. Bennett-Clayton with invoices from paid-for marketing for Trout Point Lodge on the same day. They are attached hereto as Exhibit "*7*". In general, the majority of

the Lodge's business comes from its Internet presence and web site. The web site and web marketing is done in-house. We also have a substantial amount of word-of-mouth referrals, and our membership in hotel marketing groups such as Relais & Chateaux is also significant.

11. On September 16, 2011, I provided Karen Bennett-Clayton with a copy of Aaron Broussard's Louisiana Ethics Board disclosure form for 2010, which I downloaded from the Ethic's Board web site. It shows that Mr. Broussard sold all of his Nova Scotia property holdings in 2010. The relevant pages are attached hereto as Exhibit " 6 ."

12. On September 18, I provided Ms. Bennett-Clayton with records showing Trout Point Lodge's payments to Public Works Investments as well as invoices to Aaron Broussard. They are attached hereto as Exhibit " 9 ".

13. On September 19, 2011, I provided Ms. Bennett-Clayton with copies of web pages and Internet listing for River Bend Lodge & the Cottages at Trout Point, which were marketing materials for properties in which Aaron Broussard owned a share. These are distinct from materials used to market Trout Point Lodge. They are attached hereto as Exhibit " 10 ".

14. On September 20, I provided Ms. Bennett-Clayton with a note from Aaron Broussard. It is attached hereto as Exhibit " 11 ".   LLC

15. Neither Trout Point Lodge nor its agents or employees ever registered or renewed Public Works Investments with the Nova Scotia Registry of Joint Stocks.

16. Attached hereto as Exhibit " 12 " is a copy of the answer supplied with the described documents in response to a Demand for Production.

17. Trout Point Lodge has always operated seasonally. 2011 will be the first year that we will attempt to have the Lodge open year-round.

18. Properties owned in whole or in part by Aaron Broussard and/or Nova Scotia Enterprises have regularly been available for rental year-round over the past several years. They were all efficiency units with kitchens and were rented as such. Trout Point Lodge rooms do not have kitchens, and Lodge guests dine in the Dining Room.

19. In 2008, after discussions with Mr. Broussard, and due to the different nature of these properties, it was decided to develop a separate identity for "River Bend Lodge and the Cottages," which were the Broussard/Nova Scotia Enterprises properties open for rental year-round.

20. We developed separate hotel and B&B listings for these properties, including paying for a distinct listing on bedandbreakfast.com for these properties. The description indicated that guests of these properties would have access to Trout Point Lodge facilities during the season it was open.

21. Photographs and web sites for Mr. Broussard's properties were publicly available on the Internet between January 1 and 10, 2010. New Orleans' WWL Television used a photo of one of Mr. Broussard's cottages from the Internet to illustrate its new stories on the Metropolitan Crime Commission complaint. I saw this picture used on the WWL web site in January, 2010 and subsequently.

22. Neither I nor any Trout Point Lodge employee was contacted by WVUE/Fox 8 for comment before the station broadcast on January 6, 2010.

23. I have monitored media reports about Aaron Broussard and the allegations against him. To my knowledge and belief, Mr. Broussard has not been charged or convicted with regard to any allegations of wrongdoing related to his Nova Scotia property holdings.

24. I looked up the registration for Public Works Investments with the Registry of Joint Stocks online database. The registration has been revoked for non-payment. The address of the registration reads:

| EAST BRANCH ROAD, C/O TROUT POINT LODGE EAST KEMPT, YARMOUTH CO. NS Canada B0W 1Y0 | |
|---|---|
| **Mailing Address:** | 101 WATER STREET, SUITE 1B YARMOUTH NS Canada B5A 4P4 |

25. I know Patricia Caldwell. She has been my attorney in the past. The registered mailing address for Public Works Investments is her office address.

26. I have renewed the annual registration for Trout Point Lodge for many years. The Registry of Joint Stocks requires all registered businesses to have a physical address in Nova Scotia and will not accept a post office box.

27. I have watched the WVUE news broadcasts that feature Aaron Broussard originally broadcast between January 6 and 10, 2010. I have viewed all the broadcasts supplied by the defendant at least 4 times each.

28. In the interview with Val Bracy, Mr. Broussard specified which Nova Scotia land parcels he owned or owned a share in. He did not use names, but referred to lot numbers or assessment descriptions. He also referred Ms. Bracy to his Ethics Board disclosure form. He never stated that he owned Trout Point Lodge, and he stated that his properties were adjacent to Trout Point Lodge.

29. In the first week of July, 2011 David and Chesney Loeb stayed at Trout Point Lodge. This was their second stay at the Lodge and third visit to Nova Scotia. Without provocation, David Loeb brought up WVUE/Fox 8's publications about Aaron Broussard. He told me, and I verily believed him, that he would be willing to travel to Nova Scotia at his own expense to testify about the impact that the allegations about Trout Point Lodge, and the identification of Trout Point Lodge as being Aaron Broussard's property and business, had in the New Orleans metro area. Mr. Loeb is an attorney.

30. This week, I again communicated with Mr. Loeb. I verily believe his words to me. For years, Trout Point Lodge has allowed him to donate a stay at the Lodge for a charity event for the Jefferson Community School.

31. He told me that the charity event is usually in February or March of each year. He said that after WVUE's broadcasts in January, 2010, reporting that Parish President Aaron Broussard had an ownership interest in Trout Point Lodge, the Board of Directors of the Community School refused his donation because the school did not want to be associated with Mr. Broussard. Mr. Loeb told me that he tried to explain to the Board that Mr. Broussard did not own any part of the Lodge and that he owned an interest in a nearby property.

32. Mr. Loeb told me that the Board nevertheless declined the donation because as a result of the WVUE broadcasts, the public perception was that Mr. Broussard was an owner of Trout Point Lodge.

33. Mr. Loeb has promised to me to provide an affidavit to this effect, which has not yet been sworn.

34. Trout Point Lodge did not receive any guests from Mr. Loeb's usual charitable donation in 2010.

35. This week I also spoke with Roy d'Aquila, an attorney and co-owner of the property at 7 Trout Point Road. I verily believe his words. I had spoken with Mr. D'Aquila about the WVUE broadcasts in October of last year as well. Mr. D'Aquila knows Aaron Broussard.

36. Mr. d'Aquila told me that he had very specific recollections of the Fox 8 news broadcasts about Aaron Broussard in January, 2010. He told me that each night he would come home from work and watch Fox 8's evening news.

37. He said that he remembers the female reporter—whose name he could not recall—interviewing Mr. Broussard, and also the simultaneous video of Trout Point Lodge.

38. He told me that he got "butterflies in my stomach" each time he would view one of these broadcasts identifying Trout Point Lodge as being Mr. Broussard's property and business, because he knew it was not true.

39. Mr. d'Aquila's words were consistent with what he had also told me last October.

40. I have asked Mr. D'Aquila for an affidavit to this effect.

41. I provided the defendant with a Demand for Production of Undisclosed Copy and Requests for admission relevant to WVUE's contacts with and broadcasts featuring Anne Marie Vandenweghe, who I believe is the blogger "unslabbed," and Doug Handshoe who is the blogger Sop81_1 and publisher of the blog. I know that Val Bracy at WVUE interviewed both Mr. Handshoe and Ms. Vandenweghe in 2010. "unslabbed" said that she had information from a "reliable source" inside WVUE who told her that Trout Point Lodge had sued Louisiana Media Company.

42. Ms. Bennet-Clayton acknowledged receipt in an email to on on September 5, 2011.

43. The deadline for responding to the Demand and Requests has passed as of September 16. Ms. Bennet-Clayton supplied a response to the request for admissions on September 16, 2011. I have received no response to the Demand for Undisclosed Copy as of today's date. It is attached hereto as Exhibit "17".

Sworn to before me )
)
On September 21, 2011 )
)
at Yarmouth, Nova Scotia )
)
)
)

Print name:

ELAINE L. D'ENTREMONT
COMMISSIONER OF THE SUPREME
COURT OF NOVA SCOTIA