IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                PLAINTIFF

v.                                                                    CAUSE NO. 1:13CV251-LG-JMR

AARON F. BROUSSARD, ET AL.                                              DEFENDANTS

### ORDER REQUIRING PARTIES TO PROVIDE
### BRIEFS CONCERNING AMOUNT IN CONTROVERSY

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of determining whether this Court has subject matter jurisdiction over this lawsuit.

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The burden is on the party who removed the case to federal court to demonstrate that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Post-removal affidavits may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal. *Id.*

In the present lawsuit, the pro se plaintiff Douglas Handshoe has filed abuse of process, malicious prosecution, and civil conspiracy against seven defendants. In his Complaint, he does not specify the amount of damages that he is seeking, but in affidavits submitted in support of three separate Motions for Default Judgment [19, 20, 24] that he has filed, Handshoe states, "The claim of the plaintiff is for the sum

of $25,000, joint and several liability with the other defaulted defendant, plus interest from the date of judgment as provided by law, together with the costs of this action." (Affs., ECF Nos. 19-1, 20-1, 24-1). The defendants who removed the case to this Court did not produce any evidence or pleadings indicating that the amount in controversy exceeds $75,000. (Notice of Removal, ECF No. 1).

As a result, the parties are ordered to provide briefs as well as affidavits and/or evidence to the Court concerning whether the amount in controversy exceeds $75,000 in this lawsuit. Handshoe's brief is due by August 21, 2013, and the defendants' brief(s) are due by September 5, 2013.[1]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Douglas Handshoe must file a brief with the Court concerning the amount of damages he is seeking from the defendants in this lawsuit by **August 21, 2013**, and the defendants must file brief(s) concerning whether the amount in controversy is satisfied by **September 5, 2013**.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] The defendants will have the option of providing either a joint brief or separate briefs.