IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO:  1:13CV251 LG JMR**

**AARON F. BROUSSARD, DANIEL ABEL,
CHARLES LEARY, VAUGHN PERRET,
CHRIS YOUNT, TROUT POINT LODGE
LIMITED, NOVA SCOTIA ENTERPRISES, LLC**  **DEFENDANTS**

**BRIEF OF DEFENDANTS TROUT POINT LODGE LIMITED, CHARLES LEARY, AND VAUGHAN PERRET, IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6) AND LACK OF JURISDICTION**

TROUT POINT LODGE LIMITED ("Trout Point"), CHARLES LEARY ("Leary"), and VAUGHAN PERRET ("Perret") will answer Plaintiff's Brief point by point.

I.

Plaintiff makes more generalized and unsubstantiated allegations which do not support any of his claims.

II.

Trout Point, Leary, and Perret *did* have consent of all Defendants, including Aaron F. Broussard, to remove this case. Attached hereto as Appendix 1 to this Brief is a copy of the June 5, 2013 e-mail from the son of and the attorney in fact for Defendant Aaron F. Broussard who, on information and belief, is serving a prison term at a federal penitentiary in North Carolina.

Trout Point, Leary, and Perret anticipate that Aaron F. Broussard through his son will also file a formal joinder to the removal.

### III.

Pursuant to Mississippi law, whether any torts were committed in whole or in part under Mississippi within the State of Mississippi is only a preliminary question in determining whether the Court has personal jurisdiction over Trout Point, Leary, and Perret. While it does appear the Plaintiff in the most generalized way attempts to plead that Defendants committed torts in whole or in part in Mississippi, even if true, those allegations do not give Mississippi state or federal courts jurisdiction over Trout Point, Leary, and Perret. "The Due Process Clause 'operates to limit the power of the State to assert *in personam* jurisdiction over a nonresident defendant'. . . . . The 'constitutional touchstone' of the inquiry to determine if personal jurisdiction can be exercised is whether the defendant 'purposely established minimum contacts in the forum State'." *Seiferth v. Helicopteros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). The Court should determine that Plaintiff has failed to rebut the allegations of Trout Point, Leary and Perret that there do not exist "sufficient minimum contacts".

### IV.

Trout Point, Leary, and Perret adopt the argument in section number III of this Brief.

### V.

Trout Point, Leary, and Perret adopt the argument in section number III of this Brief.

### VI.

Trout Point, Leary, and Perret adopt the argument in section number III of this Brief.

VII.

Trout Point, Leary, and Perret adopt the argument in section number III of this Brief. Additionally, Plaintiff again engages in generalized, speculative, and unsubstantiated argument.

VIII.

Trout Point, Leary, and Perret adopt the argument in section number III of this Brief.

IX.

Plaintiff's allegations are generalized, speculative, and unsubstantiated.

Furthermore, Plaintiff's intentional tort claims are barred by Mississippi's one year statute of limitations. As to statute of limitation on malicious prosecutions see *Howard v. Wilson*, 62 So.3d 955, 957 (Miss. 2011); and as to the statute of limitation on abuse of process see *Allred v. Moore & Peterson*, 11 F.3d 278, 283 (5th Cir., 1997) and *Howard v. Wilson*, 62 So.3d 955, 957 (Miss. 2011).

RESPECTFULLY SUBMITTED this the 7th day of August, 2013.

          TROUT POINT LODGE, LIMITED, CHARLES LEARY, AND VAUGHAN PERRET

By:   s/ Henry Laird
       Henry Laird, MS Bar No. 1774

Henry Laird (MSB No. 1774)
Email: hlaird@joneswalker.com
Jones Walker LLP
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS 39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516

## CERTIFICATE OF SERVICE

I, Henry Laird, of the law firm of Jones Walker LLP, do hereby certify that I have sent a true and correct copy of the foregoing **BRIEF OF DEFENDANTS TROUT POINT LODGE LIMITED, CHARLES LEARY, AND VAUGHAN PERRET, IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6) AND LACK OF JURISDICTION** by using the ECF system to the following:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, Mississippi  39520
VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

Nova Scotia Enterprises, LLC
c/o Roland J. Vega
3329 Florida Avenue
Kenner, LA  70065

Chris Yount
160 Metairie Lawn Drive
Metairie, LA  70001

Daniel G. Abel
2421 Clearview Parkway
Legal Department, Suite 106
Metairie, LA  70001

Aaron F. Broussard
c/o Troy Broussard
Email:  broussardlawfirm@aol.com

This the 7th day of August, 2013.

                                                s/  Henry Laird
                                                Henry Laird