**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                                    **PLAINTIFF**


**VERSUS**                                      **CIVIL ACTION NO:  1:13CV251 LG JMR**


**AARON F. BROUSSARD, DANIEL ABEL,
CHARLES LEARY, VAUGHN PERRET,
CHRIS YOUNT, TROUT POINT LODGE
LIMITED, NOVA SCOTIA ENTERPRISES, LLC**                  **DEFENDANTS**

---

**BRIEF OF DEFENDANTS TROUT POINT LODGE LIMITED, CHARLES
LEARY, AND VAUGHAN PERRET, CONCERNING THE AMOUNT IN
CONTROVERSY PURSUANT TO 28 U.S.C. § 1332**

---

There are two ways the Court can determine whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.  "First, removal is proper if it is *facially apparent* from the complaint that the claims are likely to be above $75,000."  *Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) citing with approval *Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1335 (5th Cir. 1995).

Secondly, removal may be proper even when the amount in controversy is not *facially* apparent.  *Id.*  The Court can exercise "common sense" to determine whether the jurisdictional amount is met.  In so doing, the Court should

> analyze factors such as the number of (corporate) defendants, the number of plaintiffs, and the type of harm(s) alleged.  *Id.*  Courts analyzing these factors can then determine whether the amount in controversy will, more likely than not, exceed $75,000.  *Id.*

In *Allen,* the number of corporate defendants, the number of plaintiffs, and the presence of punitive damages made it more likely than not that the jurisdictional amount was met.  The instant case involves one plaintiff, and seven defendants.  The Court should exercise "common sense" and determine that Plaintiff seeks more than $75,000.00 exclusive of interest and attorneys fees.[1]

Plaintiff alleges three causes of action:  malicious prosecution, abuse of process, and civil conspiracy.  (Plaintiff's Brief in Response to Order of this Honorable Court Concerning Amount in Controversy, ¶ 1.)  Pursuant to Mississippi substantive law, all three claims are intentional torts, allowing the jury to consider punitive damages.

While Plaintiff did not specifically plead punitive damages in his *pro se* Complaint, he is not required to do so in order to recover them.  *Schexnayder v. Bonfiglio,* 167 Fed.Appx. 364, 2006 WL 25963 (C.A.5 (La.).

The Plaintiff makes the following specific allegations in his rambling and difficult to follow Complaint:

● Complaint ¶ 10 – "plaintiff has been the victim of an ongoing civil conspiracy to deprive he [sic] and his media company of their rights guaranteed under Article 3, Section 13 of the Mississippi Constitution"….

● Complaint ¶ 16 – "Defendant Leary is guilty of 'deception, fraud and abuse of process'.

● Complaint ¶ 36 – Defendants deprived Plaintiff of his due process rights "via a form lawsuit to which he was not a party via false and misleading affidavits"….

● Complaint ¶ 36 – Defendants are guilty of "illegal use of the legal process".

---

[1]    See Exhibit "A",  Affidavit of Defendant, Charles L. Leary.

● Complaint ¶ 36 – Defendants are guilty of having "the ulterior motive of invading the privacy of American Internet Commenters and bolstering later litigation with tainted evidence."

● Complaint ¶ 36 – Defendants are guilty of causing Plaintiff damage to his investment in Slabbed New Media and to the Plaintiff.

● Complaint ¶ 38 – Defendants are guilty of "illegal use of the process", "with the ulterior motive of harassing Plaintiff" and "causing damage to Plaintiff and his investment in Slabbed New Media".

● Complaint ¶ 40 – Defendants are guilty of making "an illegal use of the process", "with the ulterior motive of interfering with a business relationship between Plaintiff and one of his web hosts [6]", and "causing damage to Plaintiff and his investment in Slabbed New Media".

● Complaint ¶¶ 41,42 – Defendants are guilty of abuse of process causing damage to the Plaintiff.

● Complaint ¶ 50 – Defendants are guilty of combining efforts "for the purpose of accomplishing unlawful purposes and/or lawful purposes unlawfully, as a direct and proximate result of which plaintiff suffered injury and damages".

● Complaint in the unnumbered ad damnum clause – Plaintiff alleges he is entitled to a judgment "for all damages as are reasonable in the premises together with legal interest thereon" as well as "other and further legal and equitably relief as the Court deems necessary and proper".

All of these allegations bear the hallmark of a claim for punitive damages.  As the Court in *Randle* considered unspecified punitive damages, the Court here should do likewise.

> Given that plaintiffs seek as much as $74,000 per Plaintiff in compensatory damages, "common sense" tells this Court that when the potential amount of total punitive damages is added to each claim, it is "facially apparent" that, more likely than not, the jurisdictional amount is met.

*Randle,* 711.

Unlike *Randle*, the Plaintiff here did not plead any specific amount of either actual or punitive damages, but for the following reasons that does not deter this Court from finding that Plaintiff nonetheless alleges damages exceeding $75,000.00.

First, at page 2 of his brief concerning the amount in controversy, the Plaintiff alleges $25,000.00 in actual damages.  As will be developed further in this brief, Plaintiff actually sues for far more than that, and when the Court exercises its "common sense" in determining the amount of punitive damages to which Plaintiff may be entitled, even just considering the $25,000.00 in actual damages he alleges, Plaintiff is alleging actual and punitive damages in excess of the $75,000.00 jurisdictional limit.

Secondly, at ¶¶ 43 and 44 of his Complaint, Plaintiff alleges that the defamation judgment obtained by Trout Point, Leary, and Perret for $425,000.00 was the result of a malicious prosecution.  Obviously, Plaintiff is alleging he should not pay any of the judgment meaning the value of his claim is the amount of the judgment, or $425,000.00.

Thirdly, as set forth above, Plaintiff's *pro se* Complaint alleges, albeit inartfully, the existence of claims and a few facts supporting reckless and intentional disregard for Plaintiff's rights.  In other words, Plaintiff's claims for malicious prosecution, abuse of process, and civil conspiracy entitle Plaintiff to punitive damages if he can prove his case.

Fourthly, in the case styled *Trout Point Lodge, Ltd, Vaughn Perret and Charles Leary v. Doug K. Handshoe,* Civil Action No:  1:12cv90 LG-JMR, this Court entered summary judgment in favor of Plaintiff Handshoe and against Defendants here, Trout Point, Leary, and Perret, after which an appeal was perfected to the Fifth Circuit.  Afterwards Plaintiff Handshoe moved for an award of attorneys fees in the amount of $60,000.00, which is a claim undecided by this Court.

Adding his $60,000.00 damages to his specifically pleaded $25,000.00, the $75,000.00 threshold is passed.

Fifthly, Defendants sue Handshoe in a current Nova Scotia Supreme Court proceeding for copyright infringement recently amended to include defamation referred to in the September 4, 2013 Affidavit of Charles Leary, the value of that action is on the face of the claim over CAN $100,000.00 which is roughly U.S. $95,000.00 at current exchange rates.  Plaintiff is the sole Defendant in that lawsuit brought by Trout Point, Perret and Leary.  Punitive damages are also contemplated in that litigation, as are statutory damages under the Canada Copyright Act for copyright infringement of up to CAN $80,000.00.  Costs would also be awarded to the successful litigant.  On its face, the $75,000.00 threshold is passed in this situation as well.

Mr. Handshoe in the instant case is attempting to avoid liability in that Canadian litigation, i.e., avoid a liability which exceeds the jurisdictional $75,000.00.  See Exhibit "A", Affidavit of Charles L. Leary.

In addition to the Plaintiff's alleged damages exceeding $75,000.00 thereby vesting the Court with diversity jurisdiction, the Court also has federal question jurisdiction.  "The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  28 U.S.C. § 1337 as cited by *Smith v. Local No. 25,* 500 F. 2d 741, 749 (5th Cir. 1974).  Federal question jurisdiction is present "if granted by a federal statute even though such statute is not pleaded or relied upon in the district court."  *Id.*  In the instant case, Plaintiff is obviously attacking the $425,000.00 Canadian defamation judgment pursuant to the terms of the congressionally legislated SPEECH Act.

Even when the Plaintiff characterizes his action being founded entirely upon the Mississippi common law torts, and he claims there not to be any question of federal law, the Court can still independently determine that federal question jurisdiction exists. "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *Coleman v. Louisville Pants Corp.,* 691 F. 2d 762, 764 (5th Cir. 1982) "[T]he accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleadings exclusively in terms of state law." *In re Ben Carter,* 618 F. 2d 1093, 1101 (5th Cir. 1980).

CONCLUSION

In reviewing Plaintiff's unspecified dollar amounts of his claims, the Court should determine that he sues for more than $75,000.00. The diversity threshold is therefore met. Alternatively, the Court has federal question jurisdiction since Plaintiff seeks relief under the SPEECH Act to avoid the $425,000.00 Canadian judgment and to collect his $60,000.00 attorneys fee award in *Trout Point Lodge, Ltd, Vaughn Perret and Charles Leary v. Doug K. Handshoe,* Civil Action No: 1:12cv90 LG-JMR pending in this Court.

RESPECTFULLY SUBMITTED this the 5th day of September, 2013.

TROUT POINT LODGE, LIMITED, CHARLES LEARY, AND VAUGHAN PERRET


By:    s/  Henry Laird
       Henry Laird, MS Bar No. 1774

**CERTIFICATE OF SERVICE**

I, Henry Laird, of the law firm of Jones Walker LLP, do hereby certify that I have sent a true and correct copy of the foregoing **BRIEF OF DEFENDANTS TROUT POINT LODGE LIMITED, CHARLES LEARY, AND VAUGHAN PERRET, CONCERNING THE AMOUNT IN CONTROVERSY PURSUANT TO 28 U.S.C. § 1332** by using the ECF system to the following:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, Mississippi  39520
VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

Nova Scotia Enterprises, LLC
c/o Roland J. Vega
3329 Florida Avenue
Kenner, LA  70065

Chris Yount
160 Metairie Lawn Drive
Metairie, LA  70001

Daniel G. Abel
2421 Clearview Parkway
Legal Department, Suite 106
Metairie, LA  70001

Aaron F. Broussard
c/o Troy Broussard
Email:  broussardlawfirm@aol.com

This the 5th day of September, 2013.

s/  Henry Laird
Henry Laird

Henry Laird (MSB No. 1774)
Email:  hlaird@joneswalker.com
Jones Walker LLP
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS  39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516