IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                     PLAINTIFF

VERSUS                                           CIVIL ACTION NO: 1:13CV251 LG JMR

AARON F. BROUSSARD, DANIEL ABEL,
CHARLES LEARY, VAUGHN PERRET,
CHRIS YOUNT, TROUT POINT LODGE
LIMITED, NOVA SCOTIA ENTERPRISES, LLC           DEFENDANTS

---

### BRIEF OF DEFENDANTS DANIEL ABEL, CHRIS YOUNT, AARON F. BROUSSARD, NOVA SCOTIA ENTERPRIES, LLC AS CONCERNS THE ISSUES AS TO 28 U.S.C. § 1332: THE AMOUNT IN CONTROVERSY

---

As noted by the Court, the defendants named above join undersigned counsel Daniel G. Abel in his argument and citation of authorities and re-urge the same on their own behalf, each having conferred with Abel about these matters.

Plaintiff Handshoe has been found guilty of having defamed a number of persons including most of those named in this matter. Handshoe has lied to the Court including this Court in the past and continues to do so in the matter of the jurisdictional amount at issue.

In *St. Paul Mercury* the Court held a plaintiff's bad faith prevents his own allegation of damages from controlling if those allegations are made in bad faith. Traditionally a plaintiff who does not "desire to try his case in **federal** court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." 303 U.S. at 294, 58 S.Ct. at 593. The inquiry, however, does not end merely

because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in **bad faith**.

Moreover, the above statement from *St. Paul Mercury* plainly was premised on the notion that the plaintiff would not be able to recover more in state court than what was alleged in the state court complaint. So, for example, in Woods v. Massachusetts Protective Ass'n, 34 F.2d 501 (E.D.Ky.1929), cited in *St. Paul Mercury* in support of the above quoted passage, the plaintiff sued for an amount under the jurisdictional limit. Under the state provision in that case, "if there had been no removal and an answer had been filed, plaintiff would not have been entitled to judgment for more than [the amount for which plaintiff sued]." *Id.* at 504.[7]

The majority of states now, however, have followed the example of FED.R.CIV.P. 54(c) and do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading. See Burns, 31 F.3d at 1097 n. 11. In fact, many states, like Texas, have enacted rules that strictly prohibit plaintiffs from pleading for specific amounts in cases of unliquidated damages.

These new rules have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade **federal** jurisdiction by virtue of the pleading. Such manipulation is surely characterized as **bad faith**. See Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir.1985) (stating that "tactical manipulation [by the] plaintiff cannot ... be condoned") (quoting*Austwick v. Board of Educ.*, 555 F.Supp. 840, 842 (N.D.Ill.1983)). Likewise, as one treatise has indicated,
if the prayer for relief must be ignored under applicable principles of law and plaintiff can, therefore, recover more on his state claim than the jurisdictional minimum, the case is

removable; and, where plaintiff's cause of action and the relief actually sought clearly involve a controversy in excess of the required amount, removal is not defeated by a monetary prayer for less than the amount. 1A MOORE, *supra*, ¶ 0.158, at 204-05 (footnotes omitted).[8]1411*1411

Accordingly, we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case. Handshoe cannot make that showing and in fact would deceive the Court in suggesting that each defendant if all the amounts were totaled would be less than the jurisdictional amount of $75,000. Furthermore, the defendants herein join the argument of Mr. Laird of Jones Walker and adopt their statement of facts and applications of law. Defendants re-urge the following.

There are two ways the Court can determine whether the amount in controversy requirement of 28 U.S.C. § 1332 is met. "First, removal is proper if it is *facially apparent* from the complaint that the claims are likely to be above $75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) citing with approval *Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995).

Secondly, removal may be proper even when the amount in controversy is not *facially apparent. Id.* The Court can exercise "common sense" to determine whether the jurisdictional amount is met. In so doing, the Court should

> analyze factors such as the number of (corporate) defendants, the number of plaintiffs, and the type of harm(s) alleged. *Id.* Courts analyzing these factors can then determine whether the amount in controversy will, more likely than not, exceed $75,000. *Id.*

In *Allen,* the number of corporate defendants, the number of plaintiffs, and the presence of punitive damages made it more likely than not that the jurisdictional amount was met. The instant case involves one plaintiff, and seven defendants. The Court should exercise "common sense" and determine that Plaintiff seeks more than $75,000.00 exclusive of interest and attorneys fees.

Plaintiff alleges three causes of action: malicious prosecution, abuse of process, and civil conspiracy. (Plaintiff's Brief in Response to Order of this Honorable Court Concerning Amount in Controversy, ¶ 1.) Pursuant to Mississippi substantive law, all three claims are intentional torts, allowing the jury to consider punitive damages.

While Plaintiff did not specifically plead punitive damages in his *pro se* Complaint, he is not required to do so in order to recover them. *Schexnayder v. Bonfiglio,* 167 Fed.Appx. 364, 2006 WL 25963 (C.A.5 (La.).

The Plaintiff makes the following specific allegations in his rambling and difficult to follow Complaint:

- Complaint ¶ 10 – "plaintiff has been the victim of an ongoing civil conspiracy to deprive he [sic] and his media company of their rights guaranteed under Article 3, Section 13 of the Mississippi Constitution"....

- Complaint ¶ 16 – "Defendant Leary is guilty of 'deception, fraud and abuse of process'.

- Complaint ¶ 36 – Defendants deprived Plaintiff of his due process rights "via a form lawsuit to which he was not a party via false and misleading affidavits"....

- Complaint ¶ 36 – Defendants are guilty of "illegal use of the legal process".

- Complaint ¶ 36 – Defendants are guilty of having "the ulterior motive of invading the privacy of American Internet Commenters and bolstering later litigation with tainted evidence."

- Complaint ¶ 36 – Defendants are guilty of causing Plaintiff damage to his investment in Slabbed New Media and to the Plaintiff.

- Complaint ¶ 38 – Defendants are guilty of "illegal use of the process", "with the ulterior motive of harassing Plaintiff" and "causing damage to Plaintiff and his investment in Slabbed New Media".

- Complaint ¶ 40 – Defendants are guilty of making "an illegal use of the process", "with the ulterior motive of interfering with a business relationship between Plaintiff and one of his web hosts [6]", and "causing damage to Plaintiff and his investment in Slabbed New Media".

- Complaint ¶¶ 41,42 – Defendants are guilty of abuse of process causing damage to the Plaintiff.

- Complaint ¶ 50 – Defendants are guilty of combining efforts "for the purpose of accomplishing unlawful purposes and/or lawful purposes unlawfully, as a direct and proximate result of which plaintiff suffered injury and damages".

- Complaint in the unnumbered ad damnum clause – Plaintiff alleges he is entitled to a judgment "for all damages as are reasonable in the premises together with legal interest thereon" as well as "other and further legal and equitably relief as the Court deems necessary and proper".

All of these allegations bear the hallmark of a claim for punitive damages. As the Court in *Randle* considered unspecified punitive damages, the Court here should do likewise.

> Given that plaintiffs seek as much as $74,000 per Plaintiff in compensatory damages, "common sense" tells this Court that when the potential amount of total punitive damages is added to each claim, it is "facially apparent" that, more likely than not, the jurisdictional amount is met.

*Randle,* 711.

Unlike *Randle*, the Plaintiff here did not plead any specific amount of either actual or punitive damages, but for the following reasons that does not deter this Court from finding that Plaintiff nonetheless alleges damages exceeding $75,000.00.

First, at page 2 of his brief concerning the amount in controversy, the Plaintiff alleges $25,000.00 in actual damages. As will be developed further in this brief, Plaintiff actually sues for far more than that, and when the Court exercises its "common sense" in determining the amount of punitive damages to which Plaintiff may be entitled, even just considering the $25,000.00 in actual damages he alleges, Plaintiff is alleging actual and punitive damages in excess of the $75,000.00 jurisdictional limit.

Secondly, at ¶¶ 43 and 44 of his Complaint, Plaintiff alleges that the defamation judgment obtained by Trout Point, Leary, and Perret for $425,000.00 was the result of a malicious prosecution. Obviously, Plaintiff is alleging he should not pay any of the judgment meaning the value of his claim is the amount of the judgment, or $425,000.00.

Thirdly, as set forth above, Plaintiff's *pro se* Complaint alleges, albeit inartfully, the existence of claims and a few facts supporting reckless and intentional disregard for Plaintiff's rights. In other words, Plaintiff's claims for malicious prosecution, abuse of process, and civil conspiracy entitle Plaintiff to punitive damages if he can prove his case.

Fourthly, in the case styled *Trout Point Lodge, Ltd, Vaughn Perret and Charles Leary v. Doug K. Handshoe,* Civil Action No: 1:12cv90 LG-JMR, this Court entered summary judgment in favor of Plaintiff Handshoe and against Defendants here, Trout Point, Leary, and Perret, after which an appeal was perfected to the Fifth Circuit, afterwards Plaintiff Handshoe moved for an award of attorneys fees in the amount of $60,000.00, which is a claim undecided by this Court.

Adding his $60,000.00 damages to his specifically pleaded $25,000.00, the $75,000.00 threshold is passed.

In addition to the Plaintiff's alleged damages exceeding $75,000.00 thereby vesting the Court with diversity jurisdiction, the Court also has federal question jurisdiction. "The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337 as cited by *Smith v. Local No. 25,* 500 F. 2d 741, 749 (5th Cir. 1974). Federal question jurisdiction is present "if granted by a federal statute even though such statute is not pleaded or relied upon in the district court." *Id.* In the instant case, Plaintiff is obviously attacking the $425,000.00 Canadian defamation judgment pursuant to the terms of the congressionally legislated SPEECH Act.

Even when the Plaintiff characterizes his action being founded entirely upon the Mississippi common law torts, and he claims there not to be any question of federal law, the Court can still independently determine that federal question jurisdiction exists. "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *Coleman v. Louisville Pants Corp.,* 691 F. 2d 762, 764 (5th Cir. 1982) "[T]he accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleadings exclusively in terms of state law." *In re Ben Carter,* 618 F. 2d 1093, 1101 (5th Cir. 1980).

CONCLUSION

In reviewing Plaintiff's unspecified dollar amounts of his claims, the Court should determine that he sues for more than $75,000.00. The diversity threshold is therefore met. Handshoe has again falsified facts offered to the Court and his actions constitute bad faith.

RESPECTFULLY SUBMITTED this the 4th day of September, 2013.

NAMED DEFENDANT DANIEL G. ABEL,
JOINED BY DEFENDANTS CHRIS YOUNT,
AARON F. BROUSSARD, NOVA SCOTIA
ENTERPRISES

By:  s/ DANIEL G. ABEL
     LSBA NO. 8348

**Daniel G. Abel**
**LSB # 8348**
**2421 Clearview Parkway**
**Legal Deparment – Suite 106**
**Metairie, LA 70001**
**Telephone: 504.298.9610**
**Facsimile: 888.577.8815**
**Direct email: danielpatrickegan@gmail.com**

**CERTIFICATE OF SERVICE**

I, Daniel G. Abel, do hereby certify that I have sent a true and correct copy of the foregoing **BRIEF OF DEFENDANTS DANIEL G. ABEL, CHRIS YOUNT, AARON F. BROUSSARD, NOVA SCOTIA ENTERPRISES, LLC, 28 U.S.C. § 1332: THE AMOUNT IN CONTROVERSY** by United States Mail to Douglas Handshoe and by electronic transmission to all others named herein:

>Douglas Handshoe
>214 Corinth Drive
>Bay St. Louis, Mississippi 39520
>VIA UNITED STATES MAIL AND EMAIL: earning04@gmail.com

>Nova Scotia Enterprises, LLC
>c/o Roland J. Vega
>3329 Florida Avenue
>Kenner, LA 70065

>Chris Yount
>160 Metairie Lawn Drive
>Metairie, LA 70001

>Daniel G. Abel
>2421 Clearview Parkway
>Legal Department, Suite 106
>Metairie, LA 70001

>Aaron F. Broussard
>c/o Troy Broussard
>Email: broussardlawfirm@aol.com

>Henry Laird
>Jones Walker
>Email: ldavis@joneswalker.com

This the 4th day of September, 2013.

_s/ Daniel G. Abel_
Daniel G. Abel, LSB #8348

