IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

v.                                              CAUSE NO. 1:13CV251-LG-JMR

AARON F. BROUSSARD, ET AL.                                       DEFENDANTS

## ORDER REMANDING CASE TO STATE COURT

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of determining whether the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332.  On August 6, 2013, this Court entered an Order requiring the parties to provide briefs concerning subject matter jurisdiction.  After reviewing the parties' briefs and the applicable law, the Court finds that the amount in controversy is not satisfied and that this case must be remanded to state court.

## BACKGROUND

Trout Point Lodge, Vaughn Perret, and Charles Leary filed a lawsuit against Douglas Handshoe in the Supreme Court of Nova Scotia on September 1, 2011, alleging that Handshoe had defamed them in internet blog posts.  Trout Point, Perret, and Leary obtained a default judgment against Handshoe.  Because Handshoe is a Mississippi resident, the judgment was enrolled in the Circuit Court of Hancock County, Mississippi.  Handshoe removed the action to this Court, and he argued that the judgment was not enforceable pursuant to the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. § 4102.  (*See Trout Point Lodge, Ltd., et al. v. Handshoe,*

Cause No. 1:12cv90-LG-JMR (hereinafter referred to as "*Handshoe* I")).  This Court granted summary judgment in Handshoe's favor.  The United States Court of Appeals for the Fifth Circuit affirmed this Court's entry of summary judgment on September 5, 2013.  (*Handshoe* I, ECF Nos. 35, 36).  Handshoe recently filed a Motion in that lawsuit seeking attorneys' fees totaling approximately $55,000 pursuant to the SPEECH Act.  (*Handshoe* I, ECF No. 50).

The present lawsuit was filed by Handshoe on May 21, 2013, naming Trout Point, Leary, Perret, Aaron Broussard, Daniel Abel, Chris Yount, and Nova Scotia Enterprises, LLC, as defendants.  (*See Handshoe v. Aaron Broussard, et al.*, Cause No. 1:13cv251-LG-JMR (hereinafter referred to as *"Handshoe* II")).  Handshoe has asserted civil conspiracy, malicious prosecution, and abuse of process claims arising out of the September 2011 lawsuit filed in Canada as well as several other legal proceedings filed against Handshoe by one or more of the defendants.  This Court ordered the parties to submit briefs concerning subject matter jurisdiction, because the amount of damages sought by Handshoe in his Complaint was unclear.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  It is undisputed that diversity of citizenship exists in this lawsuit, and the only issue is the amount in controversy.  The burden is on the party who removed the case to

federal court to demonstrate that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

When the complaint does not specify the dollar amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). There are two ways in which defendants can satisfy this burden. First, the defendants may show that it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003). If the amount in controversy is not facially apparent, the defendants "may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount." *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Post-removal affidavits may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal. *Id.*

The defendants filed briefs asking the Court to construe Handshoe's Complaint in a manner that would demand punitive damages, seek the dismissal of lawsuits pending in other jurisdictions, and request that the Canadian judgment be

-3-

overturned.  The defendants argue that the Court should add the value of the Canadian judgment and other lawsuits filed by the defendants against Handshoe to the amount in controversy claimed by Handshoe.  The defendants also rely on the fact that Handshoe is demanding approximately $55,000 in attorneys' fees pursuant to the SPEECH Act in the *Handshoe* I lawsuit.  Certain defendants also accuse Handshoe of fraudulently asserting that the amount in controversy is less than $75,000.

The Court is not persuaded the defendants' arguments that Handshoe may later seek damages exceeding $75,000.  Handshoe's Complaint makes no reference to punitive damages, and in affidavits filed one month after removal of the case to this Court, Handshoe stated that his damages totaled $25,000.  (*Handshoe* II, ECF Nos. 19-1, 20-1, 24-1).  In his brief concerning subject matter jurisdiction, Handshoe itemized those damages and specifically stated that the damages he sought at the time of removal totaled $25,000.  He also submitted an affidavit in which he specifically disavowed his right to recover any damages in excess of $74,999.99 in this lawsuit.  The defendants have not provided the Court with any evidence that disputes the amount of damages claimed by Handshoe.

The defendants' argument that Handshoe is asking this Court to dismiss foreign lawsuits and overturn the Canadian default judgment entered against him is also without merit.  Handshoe only demands monetary damages in the present lawsuit; he does not ask the Court to overturn the Canadian judgment.  In fact, he successfully disputed this Court's ability to enforce that judgment in *Handshoe* I.

-4-

That lawsuit was decided in Handshoe's favor, and the fact that Handshoe is seeking attorneys' fees in that separate lawsuit does not affect the amount in controversy in the present lawsuit.   Handshoe also does not specifically ask the Court to dismiss or invalidate other lawsuits pending against him in other jurisdictions.

Nevertheless, the defendants argue that Handshoe is effectually seeking to overturn the Canadian judgment and invalidate other lawsuits, because he has filed malicious prosecution and abuse of process claims related to those lawsuits.  A malicious prosecution claim does not seek dismissal of a lawsuit or revocation of a judgment; rather, it presupposes that the prior lawsuit has previously been dismissed or otherwise terminated in the plaintiff's favor.[1]  Furthermore, the issue in an abuse of process action is not whether a judgment has been entered but the intent motivating the desire to obtain that judgment and the illegal use of that judgment.[2]  Therefore, there is no indication that Handshoe is asking the Court to

---

[1] The elements of a malicious prosecution claim are "(1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) *the termination of such proceeding in the plaintiff's favor*; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the prosecution." *Perkins v. Wal-Mart Stores, Inc.*, 46 So. 3d 839, 844 (¶10) (Miss. Ct. App. 2010) (emphasis added).

[2] The elements of an abuse of process claim are: (1) the party made an illegal use of the process, a use neither warranted nor authorized by the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Cent. Healthcare Servs., P.A. v. Citizens Bank of Philadelphia*, 12 So. 3d 1159, 1167 (¶21) (Miss. Ct. App. 2009).  The most important element is "the intent to abuse the privileges of the legal system." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (¶10) (Miss. 2005).

overturn the Canadian judgment or invalidate other lawsuits filed by the defendants.

The defendants have failed to demonstrate that this Court has subject matter jurisdiction over this lawsuit.  As a result, the case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, this lawsuit is remanded to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this lawsuit is **REMANDED** to the Circuit Court of Hancock County, Mississippi, Second Judicial District.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 23th day of September, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE